878 A.2d 31

JOHN T. PAFF, APPELLANT, v. NEW JERSEY DEPARTMENT OF LABOR, BOARD OF REVIEW, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued on April 19, 2005—Decided August 2, 2005.

Before Judges SKILLMAN, GRALL and GILROY.

*Richard Gutman* argued the cause for appellant.

*Ellen A. Reichart,* Deputy Attorney General, argued the cause for respondent New Jersey Department of Labor, Board of Re-

view (*Peter C. Harvey,* Attorney General, attorney; *Ms. Reichart,* on the brief).

*Peter C. Harvey,* Attorney General, attorney for respondent Government Records Council (*Andrea R. Grundfest,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

GRALL, J.A.D.

Pursuant to the Open Public Records Act (OPRA), *N.J.S.A.* 47:1A–1 to –13, John T. Paff requested documents related to a specific certificate of debt issued by the Department of Labor (DOL), Division of Unemployment Compensation and Temporary Disability Financing. He appeals from a final decision of the Government Records Council (GRC) dismissing his appeal from the DOL's denial of access. *N.J.S.A.* 47:1A–7e.

The GRC based its decision on the following: *N.J.S.A.* 47:1A–9, which precludes access to documents and information made confidential by statute; *N.J.S.A.* 43:21–11(g), which makes confidential "records, reports and other information obtained from employers and employees" in the administration of the Unemployment Compensation Law (UCL) and the Temporary Disability Benefits Law (TDBL); and a certification from the custodian of the records, who represented that the file included only documents protected by *N.J.S.A.* 43:21–11(g). The GRC determined: "OPRA does not have jurisdiction to supersede the [UCL] and grant access to the records that the [c]ustodian certifies are protected by [that] law."

Because the GRC took too broad a view of the exemption provided by *N.J.S.A.* 43:21–11(g) and too narrow a view of its jurisdiction and authority, we reverse and remand for further proceedings consistent with this decision.

The relevant facts are undisputed. On June 21, 2003, Paff filed an OPRA request for "[a]ny documents related to the ... 'Certificate of Debt': Docket: Mer–DJ–492454–97; DOL Docket ND–

013920–97. . . ." On June 25, 2003, the custodian of the DOL's records responded:

> I regret I cannot provide you with the documentation . . . Specifically, the latter is maintained within the wage reporting files maintained by the Division of Employer Accounts. As such, the contents thereof are deemed to be confidential pursuant to the New Jersey Unemployment Compensation Law; in particular *N.J.S.A.* 43:21–11(g). That statute superseded [sic] the provisions of OPRA thereby constraining me to deny your request.[1]

A warrant of satisfaction of that certificate of debt was filed with the clerk of the court on June 25, 2003.

On June 29, 2003, Paff inquired about the DOL's interpretation of *N.J.S.A.* 43:21–11(g). He asked whether the statute precluded access to "every record in the file." On July 7, 2003, the custodian responded by directing Paff to obtain a copy of the judgment from the court and reasserting statutory protection for related documents.

On July 17, 2003, as authorized by *N.J.S.A.* 47:1A–6, Paff filed an appeal with the GRC challenging the custodian's decision. While that appeal was pending, Paff submitted a second request to the DOL. In response, the custodian provided a redacted copy of the certificate and the warrant of satisfaction, simply reasserting that "[a]ny remaining documents are part of a tax file and are confidential pursuant to *N.J.S.A.* 43:21–11(g)."

Paff asked the GRC to compel the custodian to "identify and describe the documents contended to be confidential so that [he would have] a basis upon which [to] mount his challenge to the denial." The log he requested was never directed or provided.

The DOL filed its response to Paff's appeal on January 23, 2004. The response required completion of a form "Statement of Information." Item 10 on that form directs the responder to:

---

[1] The custodian apparently understood the request as one for review of the file; neither the DOL nor the GRC argues that the request was insufficient to identify the government record sought. *See MAG Entm't, LLC v. Div. of Alcoholic Beverage Control,* 375 *N.J.Super.* 534, 546–47, 868 A.2d 1067 (App.Div.2005).

List each record or part thereof that the requestor seeks in the Complaint that was not provided or made available, and explain why. Attach all materials you want the Council to consider in deciding this case. You may include witness affidavits, certifications or legal arguments. Note: Do not provide any record or information you claim is privileged or not accessible under OPRA. If necessary you may provide a general description of the record.

The DOL's answer was:

Pursuant to *N.J.S.A.* 43:21–11(g), Ms. Gabin's wage record file is strictly confidential. The two documents to which the requestor was given access are both public documents filed with the Superior Court. Thus, they were provided to him. All other records maintained in [the] file relate to wages earned and unemployment and disability taxes paid to the State. Those records are not subject to OPRA requests, but remain protected by the dictates of the New Jersey Unemployment Law.

The custodian simply included a certification asserting that all other documents in the file were privileged.

The GRC dismissed Paff's appeal without review of the file. As noted above, the GRC concluded: "OPRA does not have jurisdiction to supersede the [UCL] and grant access to the records that the [c]ustodian certifies are protected by [that] law." *See N.J.S.A.* 47:1A–7e.

This appeal requires us to address: the GRC's interpretation of its jurisdiction; the GRC's authority to require a government agency to explain a decision to withhold or redact a government record and to demand production of documents; and the GRC's reading of *N.J.S.A.* 43:21–11(g), the statute that the DOL claims justifies its decision to withhold the documents Paff requested.

I.

The GRC erred in concluding that it lacked jurisdiction. This court has recognized the GRC's significant role in the administration of OPRA. *See Serrano v. South Brunswick Township*, 358 *N.J.Super.* 352, 362, 817 *A.2d* 1004 (App.Div.2003). It should not be limited by the GRC's unduly narrow view of its authority to adjudicate.

The GRC has the responsibility to mediate, investigate and adjudicate complaints filed by persons who are denied access to

government records. *N.J.S.A.* 47:1A–7b–f. A person denied access to a government record has the option to file an action in Superior Court or a complaint with the GRC. *N.J.S.A.* 47:1A–6. If the complaint is filed with the GRC, the GRC must begin by offering an opportunity for mediation. *N.J.S.A.* 47:1A–7d. If mediation is refused or unsuccessful, the GRC must investigate the complaint. *N.J.S.A.* 47:1A–7e. While the GRC must make an initial "determination as to whether the complaint is within its jurisdiction or frivolous or without any reasonable factual basis," *N.J.S.A.* 47:1A–7e, only one provision of OPRA limits the GRC's jurisdiction. *N.J.S.A.* 47:1A–7g provides that the GRC "shall not have jurisdiction over the Judicial or Legislative Branches of State Government or any agency, officer, or employee of those branches." By inference, the GRC otherwise has jurisdiction to adjudicate all complaints about denial of access to a "government record" based on OPRA. *See N.J.S.A.* 47:1A–1.1; *N.J.S.A.* 47:1A–5; *N.J.S.A.* 47:1A–6.[2]

In dismissing this complaint because it lacked jurisdiction to supersede the UCL, the GRC confused jurisdiction to adjudicate with the ultimate merits of the claim. The GRC had the authority and responsibility to resolve the appeal. Paff's claim was based on an allegation that an agency of the Executive Branch of State Government denied access to a government record he requested pursuant to OPRA. *N.J.S.A.* 47:1A–7d, g.

## II.

■ The GRC also took too narrow a view of its adjudicatory responsibility. The GRC apparently determined that it was required to accept a custodian's blanket and conclusionary assertion that all documents in the file were shielded from public access. Such broad deference is inconsistent with the GRC's responsibilities.

---

[2] OPRA preserves the common law right of access to public records. *N.J.S.A.* 47:1A–8; *see MAG Entm't, supra,* 375 *N.J.Super.* at 543, 868 A.2d 1067.

 OPRA contemplates the GRC's meaningful review of the basis for an agency's decision to withhold government records. Review by the GRC is an alternative to review by the Superior Court. *See N.J.S.A.* 47:1A–6. When the GRC decides to proceed with an investigation and hearing, the custodian may present evidence and argument, but the GRC is not required to accept as adequate whatever the agency offers. At the GRC's request, "a public agency [must] produce documents and ensure the attendance of witnesses" in connection with the investigation or hearing. *N.J.S.A.* 47:1A–7c.

To the extent that the GRC perceived it was obligated to accept the custodian's certification, it erred. The form "Information Statement" prepared by the GRC for use in contested cases asks the custodian to "list each record or part thereof that the requestor seeks in the Complaint that was not provided or made available, and explain why." The GRC's need for such information in the discharge of its responsibility under OPRA is apparent, as is the GRC's authority to demand its production. *See N.J.S.A.* 47:1A–5g (requiring the custodian of a record to "indicate the specific basis" for the denial of a request and requiring redaction of documents that include exempt and non-exempt information); *N.J.S.A.* 47:1A–7c (authorizing the GRC to request production of documents withheld); *N.J.S.A.* 47:1A–7e (custodian may provide a statement and additional information).

 In preparing an explanation of its reasons for denying a request for a government record, an agency need not reveal the contents and should be guided by the standard included in *R.* 4:10–2(e), which permits a party claiming privilege to "describe the nature of the documents ... not produced or disclosed in a manner that, *without revealing information itself privileged or protected,* will enable other parties to assess the applicability of the privilege or protection." *Ibid.* (emphasis added). The GRC should require the agency to provide the requestor with the document list and description it gives to the GRC. *See Seacoast*

*Builders Corp. v. Rutgers,* 358 *N.J.Super.* 524, 548–49, 818 *A.*2d 455 (App.Div.2003); *N.J.S.A.* 47:1A–5g.

■ The statute also contemplates the GRC's *in camera* review of the records that an agency asserts are protected when such review is necessary to a determination of the validity of a claimed exemption. Although OPRA subjects the GRC to the provisions of the "Open Public Meetings Act," *N.J.S.A.* 10:4–6 to –21, it also provides that the GRC "may go into closed session during that portion of any proceeding during which the contents of a contested record would be disclosed." *N.J.S.A.* 47:1A–7f. This provision would be unnecessary if the Legislature did not intend to permit *in camera* review.

■ We do not imply that *in camera* review is required in a case in which the document is per se exempt from access under OPRA. *See, e.g., N.J.S.A.* 47:1A–1.1 (defining government records to exclude, among other things, criminal investigatory records and emergency procedures for buildings). Nor do we suggest that the GRC must demand to review unredacted copies of forms that have been altered to obscure only personal information such as a social security number. *See N.J.S.A.* 47:1A–1.1. We hold only that the GRC has and should exercise its discretion to conduct *in camera* review when necessary to resolution of the appeal. *See MAG Entm't, supra,* 375 *N.J.Super.* at 551, 868 *A.*2d 1067. To permit review by this court, the GRC should also provide reasons for its rulings on each document. *See ibid.*

There is no reason for concern about unauthorized disclosure of exempt documents or privileged information as a result of *in camera* review by the GRC. The GRC's obligation to maintain confidentiality and avoid disclosure of exempt material is implicit in *N.J.S.A.* 47:1A–7f, which provides for closed meetings when necessary to avoid disclosure before resolution of a contested claim of exemption. This obligation is also implicit in the statute's incorporation by reference of the provisions of the Administrative Procedure Act (APA), *N.J.S.A.* 52:14B–1 to –25. When the GRC adjudicates cases, it must do so "in conformity with the rules and

regulations provided for hearings by a state agency in contested cases under the [APA], in so far as they may be applicable and practicable." *See N.J.S.A.* 47:1A–7e. Under the Code of Judicial Conduct for Administrative Law Judges, "an administrative law judge shall not disclose or use, for any purpose unrelated to judicial duties, nonpublic information acquired in a judicial capacity." *See N.J.A.C.* 1:1–1.5; Appendix to *N.J.A.C.* 1:1, Canon 3A(9).[3]

## III.

Lastly we consider the merits. The GRC's conclusion that *N.J.S.A.* 43:21–11(g) bars public access to information about the DOL's administration of the UCL and the TDBL is clearly erroneous. *N.J.S.A.* 43:21–11(g) provides:

> All records, reports and other information *obtained from employers and employees* under this chapter, [which includes the UCL, *N.J.S.A.* 43:21–1 to –24, and the TBDL, *N.J.S.A.* 43:21–25 to –66,] except to the extent necessary for the proper administration of this chapter, *shall be confidential* and shall not be published or open to public inspection other than to public employees in the performance of their public duties.... [4]
>
> [ (emphasis added).]

The terms are unambiguous. And, generally, a statute is read in accordance with its clear terms. *See DiProspero v. Penn,* 183 *N.J.* 477, 492, 874 *A.2d* 1039 (2005). The privilege afforded is based on the source of the document or information: it protects documents and information that were provided by either an em-

---

[3] At oral argument we asked whether the GRC had adopted regulations concerning its adjudicative process. *See N.J.A.C.* 1:1–1.1e (authorizing adoption of special hearing rules for particular agencies). We were advised the GRC has "informational guidelines" available on its "website for use by both requestors and records custodians" and "is currently in the process of promulgating regulations ... that will constitute the 'rules' governing the Council and the OPRA adjudicative complaint process." Promulgation of rules adapted to these proceedings is likely to facilitate the "expedited" process the Legislature intended. *N.J.S.A.* 47:1A–6.

[4] A fine of $200 may be assessed against any "officer or employee of the department" who violates any provision of *N.J.S.A.* 43:21–11.

ployer or employee. The GRC's conclusion—under a "plain reading" the statutory protection extends to all unemployment records "with the exception of those necessary for the proper administration of the Unemployment Compensation Fund"—cannot be sustained. Neither the DOL nor the GRC identify anything in this statutory scheme that would warrant such an extension of the clear and comparatively narrow statutory grant of confidentiality. *See DiProspero, supra,* 183 *N.J.* at 492, 874 *A.*2d 1039.

This reading of the statute is not only compelled by its clear terms but also consistent with the DOL's own regulations.[5] The regulations restrict release of only documents and information both "obtained from and identifiable to" specific individuals. *N.J.A.C.* 12:15–2.1, entitled "Disclosure of information; general prohibition," provides:

> No disclosure of information obtained at any time from, and identifiable to, specific workers, employers or other persons in the course of administering the New Jersey Unemployment Compensation and Temporary Disability Benefits Laws shall be made directly or indirectly, except as authorized by the Commissioner or his or her representative in accordance with this subchapter.
>
> [*N.J.A.C.* 12:15–2.1.]

Thus, the DOL's regulations do not support a construction that, in effect, precludes public access to any document that may be included in a file regardless of its source.

Our conclusion is further supported by a DOL regulation that permits public access to information obtained in administering the UCL and the TDBL. *N.J.A.C.* 12:15–2.2, entitled "Authorized disclosure of information," provides:

> (a) Disclosure of any information in the course of administering the New Jersey Unemployment Compensation and Temporary Disability Benefits Laws may be authorized in the following cases for the following purposes:
>
> . . . .
>
> 3. To . . . the public, disclosure of the names, geographic location and standard industrial classification (SIC) or North American Industry Classification (NAIC) of employers except where the disclosure of physical location may jeopardize the

---

5 For reasons we simply cannot understand, the briefs submitted on behalf of the DOL and the GRC on this appeal do not refer to or cite these regulations.

health and/or safety of an employer, its workforce or its clients. Such release shall not include number of employees, employment rank, employment size class, wages, taxes, client information or any other data identifiable to individual employers, to more than one employer with the same trade name, or to employees.... [6]

The GRC's reading of the exemption for UCL and TDBL records is not sustainable. While the GRC correctly determined that a custodian properly denies a request for access to a government record that is made confidential or exempted from public access by statute, *N.J.S.A.* 47:1A–9, it misapplied *N.J.S.A.* 43:21–11(g). For that reason, we remand to permit the GRC to determine whether the records included in the file fall within the proper scope of the exemption provided in *N.J.S.A.* 43:21–11(g) or the DOL's regulations.

Reversed and remanded. We do not retain jurisdiction.

---

[6] *N.J.S.A.* 47:1A–9a also exempts from disclosure documents and information protected by regulation promulgated under the authority of a statute or Executive Order of the Governor. The parties did not address *N.J.S.A.* 43:21–52, which provides an exemption from public disclosure for certain information obtained in connection with the administration of the TDBL.