960 A.2d 397 (2008)
404 N.J. Super. 1
Senator Nia H. GILL, Complainant-Respondent,
v.
N.J. DEPARTMENT OF BANKING AND INSURANCE, Custodian of Records-Respondent.
Government Employees Insurance Company, Geico Indemnity Company, and Geico Casualty Company, Appellants.
Superior Court of New Jersey, Appellate Division.
Argued September 25, 2008.
Decided November 28, 2008.
*398 Thomas P. Weidner, Princeton, argued the cause for appellants (Windels Marx Lane & Mittendorf, attorneys; Mr. Weidner, of counsel and on the brief; Ellen M. Christoffersen, on the brief).
Senator Nia H. Gill, Princeton, respondent, argued the cause pro se (Ms. Gill, of counsel and on the brief; Timothy P. Lydon, on the brief).
Paul G. Witko, Deputy Attorney General, argued the cause for respondents, Department of Banking and Insurance and Gary Vogler (Anne Milgram, Attorney General, attorney; Lewis Scheindlin, Assistant Attorney General, of counsel; Mr. Witko, on the brief).
Gina R. Orosz, West, Orange, argued the cause for respondent, Government Records Council (Trenk, DiPasquale, Webster, Della Fera & Sodono, attorneys; Michele M. Dudas, of counsel and on the brief).
Before Judges WINKELSTEIN, FUENTES and GILROY.
The opinion of the court was delivered by
WINKELSTEIN, P.J.A.D.
The issue presented in this appeal is the right of GEICO[1] to intervene in a Government Records Council (GRC) proceeding held pursuant to the Open Public Records Act, N.J.S.A. 47:1A-1 to -13 (OPRA), in which a third party seeks public disclosure of information GEICO provided to the New Jersey Department of Banking and Insurance (the DOBI). GEICO moved to intervene to object to the release of its confidential, proprietary information, and the GRC denied the motion. We reverse. We hold that GEICO is entitled to participate in the GRC proceeding to protect what it considers to be its confidential and proprietary information.

I
The facts are substantially uncontested. GEICO is a national insurance company that writes private passenger automobile insurance for more than 12.9 million vehicles in 49 states and the District of Columbia. In 2004, pursuant to N.J.S.A. 17:29A-1 to -32, which requires insurance companies using a rating system to determine policy rates to be licensed by the Commissioner of the DOBI, GEICO submitted an application to re-enter the New Jersey private passenger automobile insurance market. The DOBI approved GEICO's application in August 2004.
*399 During the application process, GEICO submitted supporting documents containing details of how it rates its insureds, along with sophisticated internal business models and marketing plans that explain how GEICO conducts business, targets its markets and determines rates for its policyholders. Paul Lavrey, a GEICO Assistant Vice President, certified that the information had been developed over many years, through detailed record gathering, analysis and testing. GEICO submitted this information with a clear understanding that the documents contained confidential information that was not subject to public disclosure. Lavrey certified that if the information is made public, GEICO's competitors would "receive an unfair, free windfall because it [would] save them millions of dollars over several years to develop their own rating systems." He stated that: "To allow GEICO's competitors such easy access to this highly proprietary information would be extremely prejudicial to GEICO and would result in GEICO's business processes losing substantial value while saving competitors not only millions of dollars, but permitting the competitors to target GEICO's best risks."
On April 13, 2006, Senator Nia Gill, as the Chair of the Senate Commerce Committee, submitted an OPRA request to the DOBI seeking, among other information, documents related to "rating-systems and underwriting rules, and any supporting documentation, presented to the department pursuant to law, for GEICO and any other private passenger automobile insurer currently utilizing, or seeking to utilize, either occupation or education, or both, as underwriting factors in determining the insurers rate levels." The documents were sought in anticipation of a Senate Commerce Committee hearing that had been scheduled to investigate the use of occupation and education as underwriting factors in determining private passenger automobile insurance rates. At issue was whether the use of those underwriting factors circumvented the prohibition against using race and income to determine those rates.
The DOBI partially granted and partially denied the Senator's request. It provided the Senator with many public government records, including information regarding studies done by the insurance industry relating to utilization of either occupation or education as underwriting factors. The documents withheld by the DOBI were identified as documents "containing proprietary financial information and/or information which, if disclosed, would provide an advantage to the insurer's competitors." The DOBI declined to disclose other internal DOBI documents because they were "subject to the deliberative process privilege and/or contain proprietary financial information."
In August 2006, Senator Gill requested additional information from the DOBI, including: "an explanation of the reasonable and demonstrable relationship between the risk characteristic of the driver insured and the hazards insured against that the department found to justify the use of levels of education and occupation in underwriting insurance." The Senator also requested that the Senate Commerce Committee be provided with an "in camera" review of the proprietary information withheld from the OPRA response.
The Commissioner of the DOBI (the Commissioner) responded that, under OPRA, N.J.S.A. 47:1A-1.1, a government record does not include "trade secrets and proprietary commercial information or financial information obtained from any sources," and that the DOBI treats certain filings and information from insurers as proprietary because it is information that demonstrates how a company conducts its *400 business and, if disclosed, would give an advantage to competitors. Nonetheless, with the consent of GEICO,[2] even though the documents were marked proprietary and confidential, the Commissioner provided Senator Gill with a list of GEICO's twenty-seven rating factors and seven discount factors used in its rating system, as well as GEICO's historical loss experience by occupation and education. The Commissioner explained that the loss ratio demonstrated to the DOBI that a correlation exists between education level and occupation and higher loss ratios, justifying the use of education and occupation as two factors used in underwriting policies.
Senator Gill subsequently filed a Denial of Access Complaint with the GRC. N.J.S.A. 47:1A-6; N.J.A.C. 5:105-2.1. The complaint identified the following information that the DOBI did not produce in response to the Senator's OPRA request: "[t]he rating-systems and underwriting rules, and any supporting documentation, presented to DOBI pursuant to law, for GEICO and any other private passenger automobile insurer currently utilizing, or seeking to utilize, either occupation or education, or both, as underwriting factors in determining the insurers' rate level."
After being contacted by GEICO about Senator Gill's complaint, the DOBI informed GEICO that the documents it withheld from its response to Senator Gill's OPRA request were not withheld because the DOBI considered them to be proprietary; but because GEICO specifically identified them as proprietary, and the DOBI's review of the documents confirmed a reasonable basis for that determination. The DOBI advised GEICO that it was its responsibility to justify and protect its own proprietary information. The DOBI claimed it had fulfilled its obligation to protect proprietary information by notifying GEICO of the pending GRC proceeding.
Consequently, GEICO filed a motion to intervene in the GRC proceeding, asserting that it would suffer "immediate and irreparable material harm" should the GRC order release of its proprietary information. After the GRC denied GEICO's motion, GEICO sought a stay from the GRC pending appellate review of the denial. The DOBI submitted a letter to the GRC in support of GEICO's request for a stay, explaining that insurers often file documents with the DOBI with portions marked "proprietary" and "confidential" to ensure that their unique rating criteria and weighing processes are not subject to disclosure to their competitors. The DOBI emphasized that disclosure of proprietary documents, which insurers file with the expectation that they will remain confidential, will have a "chilling effect on the insurers' willingness to provide such information to the [DOBI] in the future, which would, in turn, have a deleterious effect on the ability of the [DOBI] to perform its regulatory responsibilities."
The GRC advised the parties that because GEICO could not intervene in the proceeding, it would neither grant nor deny GEICO's request for a stay. We stayed the GRC proceeding pending our decision on GEICO's appeal.[3]

*401 II
We first address Senator Gill's assertion that the GRC's denial of GEICO's motion to intervene is not a final decision of an administrative agency subject to appellate review as of right. See R. 2:2-3(a)(2). We need not decide that issue, however, because even if the agency's decision may be considered interlocutory, the question presented implicates a significant public issue so as to justify the grant of leave to appeal nunc pro tunc. R. 2:4-4(b)(2); see Pressler, Current N.J. Court Rules, comment on R. 2:2-4 (2009); see also Caggiano v. Fontoura, 354 N.J.Super. 111, 124, 804 A.2d 1193 (App.Div.2002) (Appellate Division may grant leave to appeal nunc pro tunc in the "interest of justice" when an appellant files a notice of appeal rather than a required motion for leave). We therefore substantively address GEICO's arguments.

III
When a party is denied access to a government record under OPRA, the requestor may either institute a proceeding in the Superior Court to challenge the custodian's decision, or file a complaint with the GRC. N.J.S.A. 47:1A-6. "The right to institute any proceeding under this section shall be solely that of the requestor." Ibid.
Senator Gill chose to file a complaint with the GRC. Had the challenge been instituted in the Superior Court, GEICO would have had the right to seek intervention under the New Jersey rules of court. See R. 4:33-1 (intervention as of right); R. 4:33-2 (permissive intervention). Because, however, the complaint was instituted with the agency, the court rules bearing on the right to intervene are not applicable, and the decision to grant intervenor status in an agency proceeding lies in the agency's discretion. Witt v. Shannon Outboard Motor Sales, Inc., 166 N.J.Super. 319, 323, 399 A.2d 1015 (App. Div.), certif. denied, 81 N.J. 328, 407 A.2d 1202 (1979). We therefore focus our discussion on whether the GRC abused its discretion in declining to permit GEICO to intervene. In reviewing a discretionary decision of an administrative agency, we will not reverse the decision unless it was arbitrary, capricious or unreasonable, or it violated legislative policies expressed or implied in the act governing the agency's actions. Campbell v. Dep't of Civil Serv., 39 N.J. 556, 562, 189 A.2d 712 (1963). Applying this standard, we conclude that the GRC's denial of GEICO's motion to intervene was arbitrary and unreasonable.
Both the GRC enabling legislation and its concomitant regulations provide that "the right to institute a proceeding before the [GRC] shall solely be the right of the requestor." N.J.S.A. 47:1A-6; N.J.A.C. 5:105-2.1(b). If the GRC "concludes that the complaint is within its jurisdiction and is neither frivolous nor without factual basis," it proceeds with the adjudication process and limits discovery to the submissions of the parties. N.J.S.A. 47:1A-7e; N.J.A.C. 5:105-2.1(e), (g). Notices of GRC proceedings and its determinations are limited to the parties and their legal representatives. N.J.S.A. 47:1A-7e; N.J.A.C. 5:105-2.2. In its presentation to the GRC, the custodian of the information submits a statement of information (SOI) that sets forth the custodian's position and includes "the attachments thereto [and] any information, *402 defenses, and arguments that the custodian wishes to bring to the [GRC's] attention for consideration in the adjudication of the complaint." N.J.A.C. 5:105-2.4(a), (d); see also N.J.S.A. 47:1A-7e. "The custodian may also include with the SOI any attachments, affidavits, certifications or documentation deemed appropriate or supportive of the defenses set forth in the SOI." N.J.A.C. 5:105-2.4(e).
Upon receipt of the parties' submissions, and after review of the findings and recommendations of the GRC's executive director, the GRC votes "to modify, reject or accept such findings and recommendations during open public meetings." N.J.A.C. 5:105-2.6(a). GRC proceedings "shall proceed in a summary or expedited manner." N.J.S.A. 47:1A-6.
If the GRC
is unable to make a determination as to a record's accessibility based upon the complaint and the custodian's response thereto, the [GRC] shall conduct a hearing on the matter in conformity with the rules and regulations provided for hearings by a state agency in contested cases under the Administrative Procedures Act [APA], [N.J.S.A. 52:14B-1 to -24], insofar as they may be applicable and practicable.
[N.J.S.A. 47:1A-7e.]
See also N.J.A.C. 5:105-2.7(a); Paff v. N.J. Dep't of Labor, 379 N.J.Super. 346, 355-56, 878 A.2d 31 (App.Div.2005).
Here, a dispute arose; the GRC was presented with opposition to the release of documents from both the documents' custodian, the DOBI, as well as the entity that prepared the documents, GEICO. The dispute concerned whether the requested documents qualified as government records subject to public disclosure. See N.J.S.A. 47:1A-1.1 (stating that government records for purposes of OPRA do not include "trade secrets and proprietary commercial or financial information obtained from any source"). These circumstances necessitate a hearing by the GRC to determine the records' accessibility. N.J.S.A. 47:1A-7e; see also In re Request for Solid Waste Utility Customer Lists, 106 N.J. 508, 517, 524 A.2d 386 (1987).
The conduct of that hearing must be in conformity with the regulations for hearings by a state agency in contested cases under the APA. N.J.S.A. 47:1A-7e; N.J.A.C. 5:105-2.7. Those regulations include criteria to determine if third parties may participate in the hearing. "Any person or entity not initially a party, who has a statutory right to intervene or who will be substantially, specifically and directly affected by the outcome of a contested case, may on motion, seek leave to intervene." N.J.A.C. 1:1-16.1(a). The regulations further provide:
(a) In ruling upon a motion to intervene, the judge shall take into consideration the nature and extent of the movant's interest in the outcome of the case, whether or not the movant's interest is sufficiently different from that of any party so as to add measurably and constructively to the scope of the case, the prospect of confusion or undue delay arising from the movant's inclusion, and other appropriate matters.
(b) In cases where one of the parties is a State agency authorized by law to represent the public interest in a case, no movant shall be denied intervention solely because the movant's interest may be represented in part by said State agency.
[N.J.A.C. 1:1-16.3(a)-(b).]
In applying these regulations to determine whether intervention is required, the GRC must consider "the nature and extent of [the party requesting intervention's] interest in the outcome of the case" and *403 whether that interest is "sufficiently different from that of any party so as to add measurably and constructively to the scope of the case." N.J.A.C. 1:1-16.3(a). The GRC must also consider "the prospect of confusion or undue delay arising from [the potential intervener's] inclusion, and other appropriate matters." Ibid.
In this case, the GRC did not analyze these considerations when it denied GEICO's motion to intervene. Instead, the GRC primarily relied on the provisions of the OPRA statute and regulations that limit participation in the GRC proceedings to the party requesting documents and the agency in possession of the documents. See N.J.S.A. 47:1A-1.1, -6, -7c; N.J.A.C. 5:105-1.3, 2.2, 2.3, 2.4. By failing to balance the competing interests as discussed in N.J.A.C. 1:1-16.1(a) and N.J.A.C. 1:1-16.3(a) and (b), the GRC abused its discretion in denying GEICO's motion to intervene.
GEICO's interests are different from the interests of the parties to the proceeding. GEICO has asserted that it supplied its documents to the DOBI with the understanding that they contained confidential information and were not subject to public disclosure. If disclosed, according to GEICO, its ability to compete in the private passenger automobile insurance market in New Jersey and elsewhere will be adversely affected. It is GEICO, not the DOBI, that is at risk if the documents are made public. Indeed, the DOBI has expressed to GEICO that it is GEICO's responsibility to prove the proprietary nature of the documents subject to disclosure, not the DOBI's. GEICO must be permitted to intervene as a party to protect its interests where the DOBI itself has indicated its unwillingness to do so. GEICO is in the best position to articulate to the GRC how the disclosure of its confidential and proprietary business information may irreparably harm its business. Under these circumstances, GEICO is entitled to intervene because it will be substantially, specifically and directly affected by the outcome of the GRC proceedings.

IV
In addition to meeting the regulatory standards for intervention under the APA, due process requires that GEICO be permitted to intervene in the GRC proceeding. Although courts normally defer to the procedure chosen by an administrative agency in discharging its statutory duty, that procedure remains subject to the strictures of due process. In re Request for Solid Waste Utility Customer Lists, supra, 106 N.J. at 519, 524 A.2d 386.
GEICO asserts that disclosure of its confidential information would adversely affect its property rights. Both the federal and state constitutions prohibit a state from depriving a person of its property without due process of law. In re Freshwater Wetlands Statewide Gen. Permits, 185 N.J. 452, 466, 888 A.2d 441 (2006) (citing U.S. Const. amend. XIV, § 1; N.J. Const., art. I, ¶ 1). "Generally, the amount of process that is due will depend on the private interest affected, the burden on the government in providing a hearing, and the adequacy of the procedure to evaluate the effect of the governmental action on the private interest." In re Solid Waste Utility Customer Lists, supra, 106 N.J. at 520, 524 A.2d 386. Because due process is a flexible and fact-sensitive concept, its demands will be a function of what reason and justice require under the circumstances. In re Freshwater Wetlands, supra, 185 N.J. at 466-67, 888 A.2d 441. Sometimes, nothing more is required than notice and the opportunity to be heard as to why the proposed action should or should not be taken. In re Solid *404 Waste Utility Customer Lists, supra, 106 N.J. at 521, 524 A.2d 386.
Here, due process dictates that GEICO be provided with the right to be heard at the GRC proceeding.[4] The DOBI's regulatory functions require that insurance companies doing business in New Jersey submit a great deal of proprietary information that is not intended for public dissemination. The Commissioner requires this information in order to evaluate insurance companies' rates, as insurance companies are statutorily required to "make rates that are not unreasonably high or inadequate for the safety and soundness of the insurer, and which do not unfairly discriminate between risks in this State involving essentially the same hazards and expense elements." N.J.S.A. 17:29A-4. GEICO has a substantial interest in maintaining the confidentiality of proprietary trade secret information submitted to the DOBI in furtherance of this statutory mandate. For the reasons we have already expressed, it cannot protect those interests without the opportunity to be heard as to why the information should not be made public. In re Solid Waste Utility Customer Lists, supra, 106 N.J. at 521, 524 A.2d 386.
Our decision to permit intervention here is consistent with prior concerns we have expressed over due process afforded to those who appear before the GRC. See Serrano v. S. Brunswick Twp., 358 N.J.Super. 352, 370, 817 A.2d 1004 (App. Div.2003). Although in Serrano we did not make a determination regarding potential procedural defects of a GRC proceeding, we observed the following:
based on representations to [the court] by GRC's counsel at oral argument, we anticipate that the GRC will take prompt measures, including the adoption of appropriate regulations, designed to avoid a rush to judgment that might result in the unfortunate erroneous release of ... records truly inimical to the public interest, and designed to provide an orderly and fair procedural setting for presentations to the GRC and for the consideration and review of the GRC's actions.
[Ibid.]
Since our decision, the GRC has adopted the Complaint Adjudication and Open Public Records Act Information Inquiry Procedures as new rules, 40 N.J.R. 2237(a) (May 5, 2008), to govern the adjudication of denial of access complaints. N.J.A.C. 5:105-1.1 to -4.1. These rules, however, do not include "orderly and fair procedural settings" to allow interested non-parties whose confidential or proprietary information may be subject to disclosure an opportunity to participate in the GRC's decision-making process. Our decision here is intended to help accomplish that goal.
Furthermore, the public policy of this state to encourage a competitive automobile insurance market dictates that GEICO be afforded the opportunity to intervene in the GRC proceeding. The Commissioner has suggested that to permit disclosure would have a "chilling effect on the insurers' willingness to provide such information to the Department in the future." That, in turn, would not only "have a deleterious effect on the ability of the Department to perform its regulatory responsibilities," *405 but would also have an adverse effect on the State's policy of encouraging a competitive automobile insurance market.
The New Jersey Automobile Insurance Cost Recovery Act, N.J.S.A. 39:6A-1.1 to -35 (AICRA), was enacted in 1998 with a goal of controlling the spiraling costs of automobile insurance by promoting a "healthy and competitive insurance market" by allowing insurers to earn an adequate rate of return through the ratemaking process. N.J.S.A. 39:6A-1.1; see also DiProspero v. Penn, 183 N.J. 477, 488, 874 A.2d 1039 (2005) (recognizing that a competitive automobile insurance market is essential to lowering and controlling the costs of insurance for New Jersey residents). Not permitting GEICO to participate in the GRC proceeding, which could result in the release of GEICO's proprietary business information, may discourage insurers from entering the New Jersey automobile insurance market, undermining the Legislature's goal in enacting AICRA. In contrast, allowing nonparty insurers, such as GEICO, to intervene in a GRC proceeding involving the potential public disclosure of the insurer's proprietary business information will instill confidence in insurers that its proprietary information will not be haphazardly disclosed to its competitors.
Finally, we are mindful that permitting intervention in the GRC proceeding will, to some degree, adversely affect the Legislature's goal of providing prompt access to government records. See N.J.S.A. 47:1A-5i. Consequently, we do not intend that our decision be taken to mean that any affected nonparty may intervene in every instance. Each application for intervention is to be decided under its own particular circumstances.

V
We reverse the determination of the GRC that GEICO may not intervene in the pending GRC proceedings. GEICO shall be given an opportunity to be heard in opposition to the request for release of its confidential and proprietary documents. We remand to the GRC for further proceedings consistent with this opinion. The extent of GEICO's participation shall be determined by the GRC consistent with the principles expressed in this opinion. We do not retain jurisdiction.
NOTES
[1] Appellants are the Government Employees Insurance Company, GEICO Indemnity Company and GEICO Casualty Company, which we will refer to collectively as GEICO.
[2] At oral argument, counsel for the DOBI represented to this court that although not required by law or regulation, when a request is received for documents insurance companies have submitted to the DOBI, the DOBI routinely notifies those affected insurance companies.
[3] On October 11, 2007, having been made aware of the senator's complaint, Selective Automobile Insurance Company submitted a letter to the GRC objecting to the release of any documents labeled "proprietary" and/or "confidential" that were part of its private passenger automobile insurance rate filing with the DOBI. Selective repeated GEICO's concerns over disclosure, stating that any disclosure of the proprietary documents would give an advantage to competitors, impairing Selective's competitive position in the insurance market. Selective is not a party to this appeal.
[4] GEICO does not ask this court to impose a formal notice requirement upon either the GRC or the DOBI. GEICO is apparently satisfied with the DOBI's informal procedure to notify the entity that submitted the documents of the request for disclosure. We therefore limit our due process discussion to whether the entity that submits the documents to the government agency is entitled to intervene in the GRC proceeding.