**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3458-22
               A-3464-22

BRIAN KUBIEL,

     Complainant,

v.

TOMS RIVER DISTRICT NO. 1
BOARD OF FIRE
COMMISSIONERS (OCEAN),

     Custodian of Record-
     Respondent.

_____

BRIAN KUBIEL,

     Plaintiff,

v.

JESSE SIPE,

     Defendant-Appellant,

and

TOMS RIVER BOARD OF
FIRE COMMISSIONERS, FIRE

DISTRICT NO. 1,

     Defendant-Respondent.

_____

NEW JERSEY GOVERNMENT
RECORDS COUNCIL,

     Respondent.

_____

Argued October 29, 2024 – Decided November 21, 2024

Before Judges Perez Friscia and Bergman.

On appeal from the New Jersey Department of Community Affairs, Government Records Council, GRC Complaint No. 2019-163 in A-3458-22; the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1639-21 in A-3464-22.

Christine N. Stipp argued the cause for appellant (Cohn Lifland Pearlman Herrmann & Knopf, LLP, attorneys; Walter M. Luers and Christina N. Stripp, on the briefs).

Steven M. Gleeson, Deputy Attorney General, argued the cause for respondent Government Records Council (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Steven M. Gleeson, on the brief).

Robin La Bue argued the cause for respondent Toms River Board of Fire Commissioners, Fire District No. 1 (Rothstein, Mandell, Strohm, Halm & Cipriani, attorneys; Robin La Bue, on the brief).

PER CURIAM

2

In these back-to-back appeals consolidated for the purpose of issuing a single opinion, appellant Jesse Sipe appeals from the May 30, 2023 Government Records Council (GRC) final agency decision (FAD), which dismissed plaintiff Brian Kubiel's denial of access complaint, and its interim orders addressing plaintiff's government records request to the Toms River District No. 1 Board of Fire Commissioners (District) pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13.  Appellant also appeals from the February 9, 2022 Law Division order granting enforcement of the GRC's interim[1] orders and denying Sipe's indemnification.  Having considered the parties' arguments in light of the record and applicable legal principles, we affirm.

I.

On July 3, 2019, plaintiff, the District's Chief Business Administrator, filed an OPRA request with the District seeking public government records. Appellant was a fire commissioner and served on the District's Board from approximately November 2013 through March 2020.  Plaintiff served his OPRA

---

[1] An "interim order" is an order issued by the GRC while a matter is pending "adjudication including, but not limited to, an order that requires the custodian or the complainant to perform some act in accordance with OPRA, the compliance of which must be reported back to the [GRC], or an order that refers a matter to the Office of Administrative Law (OAL)."  N.J.A.C. 5:105-1.3.

request on the District's Board, the commissioners, and the Board's counsel. Plaintiff sent appellant the request to his District email address, which was provided while he was a commissioner.

Prior to plaintiff's OPRA request, he had filed a separate Law Division action in 2018 involving the Board's appointment of a special counsel. The matter settled with appellant's participation and approval at an October 24, 2018 Board meeting. On November 27, appellant and other Board members appointed special counsel for the District's legal matters involving "the Board of Commissioners," and individual commissioners.

Appellant had sent and received messages about the "District['s] business on [his] non-[f]ire District email and cell phone accounts." Plaintiff requested the production of the government records on appellant's personal accounts. He specifically sought the following government records from appellant:

> [A]ll emails, text messages, correspondence or other documents relating to fire commissioner business, discussions, etc. that were sent to and from Jsipe@com*.com[ and sipe@sip*.com,] or telephonic communication device from [January 1, 2017] through current to and from any fire commissioner, former commissioner, employee, township employee or any other individual which may have used the personnel email account to conduct fire commissioner business.

4

On July 15, 2019, the District produced responsive emails but did not provide appellant's text messages. The District's counsel advised plaintiff that reproducing voluminous text messages was "an extraordinary expenditure of time and effort. As such, a special service charge w[ould] be assessed" of $185 per hour for attorney review. After plaintiff disputed the charge, the District's counsel explained on July 26 that appellant advised, "[H]e sen[t] and receive[d] approximately [fifty] text messages a day."

On August 13, plaintiff filed a denial of access complaint with the GRC. Plaintiff sought the District's production of appellant's emails and text messages without the assessment of a special service charge. Thereafter, the GRC requested the District's custodian complete a statement of information (SOI), which required "a complete document index." The District served the GRC with its SOI on December 12, but it did not include an index of appellant's text messages. Thereafter, plaintiff raised the District's failure to address appellant's unproduced text messages and assessed custodian's fee with the GRC. Appellant had supplied the District with information included in its January 9, 2020 supplemental SOI submission. The District's counsel also filed a titled "certification" with the GRC confirming appellant stated he sent and received numerous text messages each day, and there could be "in excess of 45,000."

5

In March 2020, appellant "was not reelected in the Fire District [e]lection . . . and [w]as no longer associated with the District." While he was a commissioner, appellant did not submit the text messages to the District for review and indexing.

On January 26, 2021, the GRC held a public meeting and entered an interim order adopting the executive director's January 19 findings and recommendations. The GRC found a reduction of the special service charge for records review was warranted to "the lowest paid" rate of a District employee "capable of performing the work." The GRC ordered the District to recalculate the rate and to produce the text messages after plaintiff paid the recalculated fee. On February 8, the District's custodian requested appellant produce the text messages, but appellant refused to produce the government records maintained on his personal accounts.

On February 18, the District's new records custodian again certified appellant "represent[ed] to prior [District] counsel that he sen[t] and receive[d] approximately [fifty] text messages in a day." The District's counsel notified appellant, "[T]he District is the entity that will be liable for the costs of the failure to provide the public documents [(text messages)] that are required by the order. Not the requestor, and not you."

A-3458-22

Appellant responded to the District's February production request with a compensation demand of $300 per hour, for a total amount of "around $24,000," because he maintained the GRC could not compel him "to complete the arduous task of compiling the exorbitant amount of documentation requested without compensation." On the same day, the District's counsel advised appellant, "The District is unable to pay you $300[] per hour to provide the government records." Appellant emailed the District's counsel he was "entitled to representation at the Board's expense, but h[ad] elected not to do so in an effort to not burden the taxpayers." After appellant failed to abide by the District's multiple production requests for the government documents stored on his personal accounts, plaintiff and the District separately communicated to the GRC concerning appellant's refusal to produce the text messages. The GRC responded it "does not have subpoena power to require . . . [appellant to] provide responsive records." Appellant thereafter requested the appointment of counsel.

On March 30, the GRC held a public meeting and entered another interim order adopting the executive director's March 23 supplemental findings and recommendations. The GRC found: "the current [c]ustodian complied in essence with the [GRC's]" January 2021 order; no provision "under OPRA permitt[ed]" appellant's fee request; appellant was responsible for providing the

government records in his possession within five business days; and the complaint should be referred to the OAL for a determination of whether appellant's conduct was knowingly and willfully in violation of OPRA and whether plaintiff was a prevailing party.

On April 30, the District's counsel again emailed appellant advising that if he produced plaintiff's requested government records, namely the text messages on appellant's personal accounts while a fire commissioner, she would "ensure that they [we]re redacted so nothing personal or confidential [wa]s released." While awaiting appellant's production, the District, in an effort to comply with the GRC's orders, reached out to the "District['s] employees and [c]ommissioners" procuring some "responsive records which were then reviewed and provided to" plaintiff. After the GRC obtained appellant's contact information, it emailed him on May 11 providing notice of its May 18 hearing.

On May 14, appellant emailed the GRC inquiring about submitting information and requesting a stay, which was denied based on "the amount of time that ha[d] passed since the" GRC's prior interim orders. At the GRC's public meeting, it addressed appellant's thwarting of plaintiff's denial of access complaint by refusing to produce the retained text messages. Appellant had not moved to intervene or provided any text messages in his possession.

On May 18, the GRC entered an interim order adopting the executive director's May 11 findings and recommendations. The GRC found: appellant "failed to comply with the [GRC]'s March 30 . . . [i]nterim [o]rder because he failed to timely provide the current [c]ustodian with copies of the responsive text messages for review"; the interim orders "[we]re enforceable in the Superior Court"; appellant was "in contempt . . . by failing to provide the . . . text messages"; and referral of the matter to the OAL was appropriate for a determination of whether appellant "knowingly and willfully violated OPRA" and plaintiff was "a prevailing party entitled to an award of attorney's fees."

On June 23, plaintiff filed an order to show cause and verified complaint in the Law Division against appellant and the District as a nominal party. Plaintiff requested the trial court: enforce the GRC's May 2021 order pursuant to Rule 4:67-6; find appellant was "in contempt of court"; and order appellant's production of text messages as the GRC ordered. The District filed an answer. Appellant filed an answer and cross-claim against the District seeking indemnification for legal fees, costs, and expenses.

After hearing argument, the motion court issued an order accompanied by an oral statement of reasons. The court found enforcement of the GRC's interim order was appropriate as the District was required to produce the government

records in appellant's possession, referred the matter back to the OAL for a hearing, and denied indemnification. It determined enforcement of the GRC's interim orders was appropriate as appellant's due process arguments were unsubstantiated and found appellant had ample time to have moved to intervene before the GRC. The court also noted appellant had not filed for reconsideration before the GRC. At argument, appellant's counsel acknowledged the limitations of "an enforcement phase" and that certain issues "may not always be ripe to be considered." Because the OAL matter was pending a hearing, the court referred the issue of counsel fees to the Administrative Law Judge (ALJ) for determination.

The court also denied indemnification, finding the Board's counsel represented appellant as a former commissioner. It recognized appellant, while a commissioner in 2019, directly received plaintiff's OPRA request for government records in his possession. Upon appellant's receipt of the request, he would have then appreciated if his personal interests diverged from the District's interests, yet he did not raise any concerns to the District at the time. The court specifically found appellant was represented "at all times initially by the attorneys he had voted to appoint" and thereafter "defended by current Board counsel." While the Board's counsel was not personal counsel for appellant, the

court found counsel represented the Board's members and would have "reviewed" the text messages. The court found indemnification of appellant unwarranted, including the appointment of separate personal counsel, because he was not a defendant in the GRC proceeding or "named at all, in any respect, until he failed to comply with an order that the . . . District turn over the text messages requested in [plaintiff's] OPRA request."

Appellant thereafter produced approximately seventy-three pages of text messages. On April 20, 2023, plaintiff withdrew his GRC complaint after settling with the District. About two weeks later, the OAL returned the complaint as withdrawn before the ALJ conducted a hearing to address the District's failure to produce the government records held by appellant, whether there was a willful violation, and if plaintiff was a prevailing party. Thereafter, on May 30, the GRC issued an FAD dismissing plaintiff's complaint as "no further adjudication [wa]s required."

On appeal, under A-3458-22, appellant argues: the GRC's orders were null and void because appellant's procedural due process rights to formal notice and an opportunity to be heard were violated; the GRC's interim orders were void against him because the GRC has no jurisdiction over former public

employees and no authority to hold them in contempt; and plaintiff's underlying OPRA request was overbroad and unenforceable.

On appeal, under A-3464-22, appellant contends: he was entitled to indemnification under the District's bylaws; the GRC's orders were null and void because appellant's procedural due process rights to formal notice and an opportunity to be heard were violated; and plaintiff's underlying OPRA request was overbroad and unenforceable.

II.

"An agency decision 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" In re Proposed Constr. of Compressor Station, 258 N.J. 312, 324 (2024) (quoting Mount v. Bd. of Tr., PFRS, 233 N.J. 402, 418 (2018)). Our standard of review, however, is "plenary with respect to" the GRC's interpretation of OPRA. See Asbury Park Press v. County of Monmouth, 406 N.J. Super. 1, 6 (App. Div. 2009). Although an agency's determination as to the applicability of OPRA is a legal conclusion subject to de novo review, see O'Shea v. Township of W. Milford, 410 N.J. Super. 371, 379 (App Div. 2009), "under our deferential standard of review, we give weight to the GRC's interpretation of OPRA." McGee v. Township of E. Amwell, 416 N.J. Super.

12

602, 616 (App. Div. 2010). "We do not, however, simply rubber stamp the agency's decision." Bart v. City of Paterson Hous. Auth., 403 N.J. Super. 609, 618 (App. Div. 2008) (quoting Paff v. N.J. Dep't of Lab., 392 N.J. Super. 334, 340 (App. Div. 2007)). We review de novo a trial "court's interpretation of OPRA, which constitutes a legal determination." ACLU of N.J. v. Cnty. Prosecutors Ass'n of N.J., 257 N.J. 87, 101 (2024).

"Any analysis of OPRA must begin with the recognition that the Legislature created OPRA intending to make government records 'readily accessible' to the state's citizens 'with certain exceptions[] for the protection of the public interest.'" Gilleran v. Township of Bloomfield, 227 N.J. 159, 170 (2016) (alteration in original) (quoting N.J.S.A. 47:1A-1). "The public's right to disclosure, while broad, is not unlimited." Ass'n for Governmental Resp., Ethics & Transparency v. Borough of Mantoloking, 478 N.J. Super. 470, 486 (App. Div. 2024) (quoting Bozzi v. City of Jersey City, 248 N.J. 274, 284 (2021)).

### III.

We first address whether appellant's contentions on appeal are moot because plaintiff withdrew his GRC complaint and the GRC issued an FAD finding "no further adjudication [wa]s required." "As a general matter,

13                                                                    A-3458-22

'[appellate] courts normally will not entertain cases when a controversy no longer exists and the disputed issues have become moot.'" Int'l Brotherhood of Elec. Workers Loc. 400 v. Borough of Tinton Falls, 468 N.J. Super. 214, 224 (App. Div. 2021) (quoting De Vesa v. Dorsey, 134 N.J. 420, 428 (1993)).

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Stop & Shop Supermarket Co., v. County of Bergen, 450 N.J. Super. 286, 291 (App. Div. 2017) (quoting Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010)). "An issue is 'moot when our decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'" Redd v. Bowman, 223 N.J. 87, 104 (2015) (quoting Deutsche Bank Nat'l Tr. Co. v. Mitchell, 422 N.J Super. 214, 221-22 (App. Div. 2011)). Further, "courts will not decide cases in which the issue is hypothetical, [or] a judgment cannot grant effective relief." Stop & Shop Supermarket Co., 450 N.J. Super. at 291 (alteration in original) (quoting Cinque v. N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993)). Nevertheless, courts may decide such cases where the issues "are of substantial importance and are capable of repetition while evading review." In re Protest of Cont. Award for Project A1150-08, N.J. Exec. State House Comprehensive Renovation and

A-3458-22

Restoration, 466 N.J. Super. 244, 260 (App. Div. 2021) (quoting Advance Elec. Co., Inc. v. Montgomery Twp. Bd. of Educ., 351 N.J. Super. 160, 166 (App. Div. 2002)).

After plaintiff withdrew his denial of access complaint before the GRC, the OAL returned to the GRC plaintiff's complaint, which was pending an ALJ administrative hearing to address the District's and appellant's failure to produce the text messages and whether plaintiff was a prevailing party. As the GRC correctly recognized, it did not have subpoena power over appellant, a nonparty. Plaintiff's complaint withdrawal foreclosed a hearing before an ALJ, which would have afforded a record concerning the issues surrounding jurisdiction over appellant.

Notably, the GRC had only entered interim interlocutory orders and did not enter an FAD after a full OAL hearing. Therefore, except for appellant's appeal of the court's denial of his cross-claim for indemnification, we conclude the GRC's FAD dismissing plaintiff's denial of access complaint rendered the underlying controversy surrounding the interim orders' requirements to produce government records moot. Further, after a review of the largely undisputed facts, we are unpersuaded that there exists a matter of substantial importance that is "likely to reoccur but capable of evading review." Stop & Shop

 A-3458-22

Supermarket Co., 450 N.J. Super. at 294 (quoting Bd. of Educ. v. Kennedy, 196 N.J. 1, 18 (2008)).

Despite concluding appellant's overlapping production of government records contentions are moot, for the sake of completeness we address his arguments. We consider together appellant's due process arguments that he was not provided "formal notice" of the GRC proceedings and an opportunity to be heard.

Appellant's contentions that the court erred in enforcing the GRC's interim orders because he did not receive "formal notice" of plaintiff's OPRA complaint, which was required to "be subjected to the jurisdiction of the GRC," lack merit. Pursuant to N.J.A.C. 5:105-1.3, a party to a GRC action "means a complainant, custodian, intervenor, and their representatives." Appellant was not a party to the GRC proceeding. "Notices of GRC proceedings and its determinations are limited to the parties and their legal representatives." Gill v. N.J. Dep't of Banking & Ins., 404 N.J. Super. 1, 9 (App. Div. 2008); see also N.J.S.A. 47:1A-7e ("If the [GRC] shall conclude that the complaint is outside its jurisdiction, frivolous, or without factual basis, it shall . . . transmit a copy" of its written conclusion "to the complainant and to the public agency that employs the records custodian against whom the complaint was filed."); N.J.A.C. 5:105-2.2(a) ("The

16

complainant and custodian shall always be parties to a complaint and . . . shall be notified of all decisions or orders issued by the [GRC] concerning a complaint."). Notably, appellant does not dispute having notice of the complaint in 2019 and notice of the May 2021 GRC hearing. While appellant does not define what "formal notice" was required, he provides no support for the contention that as a nonparty he was entitled to personal service of plaintiff's GRC complaint or the scheduled hearing.

We are also unpersuaded by appellant's argument that the GRC did not provide him an opportunity to be heard. It is well-established under the New Jersey Administrative Code that a nonparty may seek to intervene by filing a motion before the GRC on notice to the parties. See N.J.A.C. 1:1-16.1 to .6. "At the Executive Director's discretion, the [GRC] . . . may entertain an application for a party to intervene in a pending complaint." N.J.A.C. 5:105-2.2(b). The Administrative Code provides:

> 1. Upon timely application, any person not initially a party who has a statutory right to intervene or who will be substantially, specifically, and directly affected by the outcome of a contested case may, on motion, seek leave to intervene . . . .
>
>     . . . .
>
> 3. In ruling upon a motion to intervene, the Council shall take into consideration the nature and extent of the

> movant's interest in the outcome of the case, whether the movant's interest is sufficiently different from that of any party, so as to add measurably and constructively to the scope of the case, the prospect of confusion or undue delay arising from the movant's inclusion, and other appropriate matters. . . .
>
> [N.J.A.C. 5:105-2.2(b)(1) to (3).]

We have recognized intervention in a GRC proceeding allows "interested non-parties whose confidential or proprietary information may be subject to disclosure an opportunity to participate in the GRC's decision-making process." Gill, 404 N.J. Super. at 14. While not every "nonparty may intervene in every instance," the GRC has the authority to consider the "application for intervention" and "decide[] [the motion] under its own particular circumstances." Id. at 15.

Appellant had sufficient notice to move to intervene in the GRC proceeding, which directly involved the demand for his text messages. While a District commissioner, appellant received plaintiff's 2019 email containing the OPRA request for his text messages, and appellant contemporaneously advised the District's counsel the messages on his personal accounts were voluminous. In February 2021, the District custodian notified appellant of the GRC's January 2021 "order compelling" production of the text messages he possessed. The District's counsel advised appellant by email on February 18 that the "[t]ext

messages regarding fire commissioner business made during [appellant's] tenure as a commissioner [were] government records and the [D]istrict [wa]s obligated to provide them." See Borough of Mantoloking, 478 N.J. Super. at 489 ("OPRA's broad reach can include emails concerning government business, sent to or from personal accounts of government officials—if the emails fall within the definition of government records.").

Because appellant used his personal email and accounts, as opposed to his District email, while a commissioner, he understood he prevented the District from producing the government records in the normal course. Appellant was also cognizant of his responsibility to produce the government records while a commissioner, and that his refusal to produce the government records after his term expired compounded the District's inability to comply. Appellant did not file a motion to intervene after receiving notice in February of the GRC's order compelling his retained government records. After appellant failed to produce the documents to the District's counsel, though counsel assured him multiple times the government records would be reviewed and redacted under OPRA, the GRC emailed appellant on May 11 notifying him of its May 18 compliance hearing. Had appellant moved to intervene, the GRC would have addressed the merits of appellant's interests in intervening as a nonparty. A record of

appellant's notice and jurisdiction objections would have been developed, plaintiff and the District would have had an opportunity to respond, and the GRC would have delivered findings in an FAD.

Further, in arguing he was not afforded an opportunity to be heard, appellant conflates the GRC's use of the term "in contempt" in its May order. The GRC levied no penalty[2] on appellant. Rather, it referred the matter to the OAL to consider the District's failure to provide government records, appellant's willful withholding of documents, and if plaintiff was "a prevailing party." Again, the GRC correctly acknowledged: it did not have subpoena power over appellant; the District was charged with the production of government records; and the GRC had no authority to order appellant's appearance. As appellant's counsel properly noted at oral argument before the trial court, "[c]ontempt of the GRC" is a phrase the GRC put in its order and does not mean "[c]ontempt of court." Further, counsel acknowledged to the court the GRC transferred the matter for an ALJ "to decide [after a testimonial hearing] whether or not . . . [appellant] acted knowingly and willfully." As the OAL matter was withdrawn,

---

[2] See N.J.S.A. 47:1A-11(a) (allowing the imposition of civil penalties "by the courts or by the [GRC]" "if a public official . . . is found to have knowingly and willfully violated [OPRA] . . . and to have unreasonably denied access under the totality of the circumstances").

and the GRC dismissed the complaint, plaintiff's remaining OPRA claims were not addressed on the merits.

We are also unpersuaded by appellant's argument that monitoring a pending OPRA request is an onerous burden under the present facts. Appellant's May 14 inquiry about "submissions" does not equate to moving to intervene. Having not intervened, appellant's arguments regarding his inability to participate in the GRC's proceedings are without merit. For these reasons, we conclude appellant's due process rights were not violated.

We also reject appellant's additional arguments that the GRC's interim orders were erroneous because plaintiff's OPRA request "was overbroad, vague, and therefore unenforceable." On January 26, 2021, the GRC determined plaintiff's request was valid and "contained sufficient information for record identification," because "the [c]ustodian [in January 2020] was able to provide an estimated number of responsive records" after appellant advised the District of the volume of text messages on his personal accounts. We discern no error in the GRC's determination.

Finally, we address appellant's argument that the court's order denying indemnification warrants reversal because he was entitled to separate counsel. "[W]e review de novo the trial judge's factual and legal conclusions reached

21

after a summary proceeding." Serico v. Rothberg, 448 N.J. Super. 604, 613 (App. Div. 2017) (quoting Malick v. Seaview Lincoln, 398 N.J. Super. 182, 186 (App. Div. 2008)). Specifically, appellant argues the District bylaws, titled "Defense Representation and Costs," Article I, Section 6, provided that the Board shall afford counsel for a commissioner "who is a defendant in any action or legal proceeding arising out of or incidental to the performance of his duties . . . and costs incidental to such representation for the defense of such action or proceeding." (emphasis added). As correctly found by the court, appellant was not a defendant in the GRC proceeding. Additionally, the District's counsel represented appellant's interests as a former commissioner in reviewing the government records to be produced and redacted in compliance with OPRA.

Appellant posits his personal interests were not represented and references his expenditure of time to review the government records in his possession. This ignores the fact that the District's counsel emailed appellant on April 30, 2021, advising that if he produced the text messages, she would "ensure that they [we]re redacted so nothing personal or confidential [wa]s released." Notably, appellant has not put forth any other specific interests. Further, while the District's counsel advised appellant that she was not his personal counsel, it did

not negate her representation of the Board and its members in compliance with recognized interests under OPRA.

Appellant's private actions in refusing to provide the government records in furtherance of his personal interests are separate and distinct from any actions arising from his duties as a commissioner. Stated another way, appellant would be entitled to counsel if a legal proceeding was initiated against him as a defendant for failing to comport with his duties as a commissioner. But here, appellant's actions are removed from his duties as a commissioner. In fact, he does not dispute that as a commissioner he was required to produce the government records. As the court correctly concluded, appellant had a "right to pursue an independent agenda," but that did not entitle him to his "demand [for] the appointment of a private attorney."

Lastly, we note appellant's assertion that the District was at fault because it "should have obtained the [government] records from . . . [him] when he was a [c]ommissioner and held them pending further orders of the GRC." His assertion highlights the distinction between his duty as a commissioner to comply with OPRA and his actions here, which caused the District to become a defendant in the Law Division summary enforcement proceeding. Thus, his withholding of the government records did not "arise out of . . . his duties" but

23

rather out of decisions based on his personal interests. Thus, we discern no error by the court in concluding appellant was not entitled to indemnification.

To the extent that we have not addressed plaintiff's remaining contentions, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3458-22