**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3523-21

ASSOCIATION FOR
GOVERNMENTAL
RESPONSIBILITY, ETHICS
AND TRANSPARENCY,

     Plaintiff-Appellant,

v.

RANDY BELIN, Government
Records Custodian for the
NEW JERSEY CIVIL
SERVICE COMMISSION,
and NEW JERSEY CIVIL
SERVICE COMMISSION,

     Defendants-Respondents.

_____

        Argued November 14, 2023 – Decided December 13, 2023

        Before Judges Smith and Perez Friscia.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0550-22.

        Donald Francis Burke, Jr., argued the cause for appellant (Law Office of Donald F. Burke, attorneys;

Donald Francis Burke and Donald Francis Burke, Jr., on the briefs).

Craig S. Keiser, Deputy Attorney General, argued the cause for respondents (Matthew J. Platkin, Attorney General, attorney; Sara M. Gregory, Assistant Attorney General, of counsel; Craig S. Keiser, on the brief).

PER CURIAM

Plaintiff Association for Governmental Responsibility, Ethics and Transparency (AGREAT) appeals from a June 3, 2022 Law Division order denying its common law right of access request for records from defendants, New Jersey Civil Service Commission (Commission), and Randy Belin, custodian of records. The records related to veteran Jeffrey DeSimone's appeal of his removal from Lakewood Township's (Township) eligibility list for the position of police officer. We affirm.

I.

DeSimone applied for a police officer position with the Township's Police Department, which is a civil service department. The Township, the appointing authority, was notified on May 20, 2020, that DeSimone was second on the certified eligibility list for hiring. The appointing authority removed DeSimone from the eligibility list for failing to disclose a motor vehicle violation. DeSimone appealed his removal to the Commission. After reviewing his appeal,

2

the Commission reversed the appointing authority's decision and determined DeSimone had no intention to conceal the information, and his failure to provide accurate details was not cause for removal. Additionally, the Commission determined DeSimone could not be bypassed from the list as a veteran, and he was to be appointed unless a disqualifying factor was discovered during the employment process from a background check.

After completion of DeSimone's background check, the appointing authority again sought his removal from the eligibility list. It determined his application contained false and disqualifying information because he: failed to disclose his 2015 removal or resignation as a special class police officer after a verbal altercation with his girlfriend's neighbor; advised he was laid off from a job though his former supervisor attested he was fired due to work conflicts; threatened another recruit at the police academy; and had a temporary restraining order. DeSimone again appealed his removal to the Commission.

After reviewing the appointing authority's documentation regarding removal, in accordance with N.J.A.C. 4A:4-6.1 to -6.6, the Commission issued its final agency decision (FAD), affirming the determination of DeSimone's ineligibility. The Commission acknowledged that a police officer is a special kind of employee, and found removal was warranted based upon the

certifications and information presented by the appointing authority, which demonstrated DeSimone did not meet the standards for a police officer. In the certification disposition process, the Commission explained it must determine if the appointing authority provided sufficient information to support the decision to remove an applicant from the certified list based on a finding of ineligibility. The Commission found the appointing authority demonstrated sufficient information as to DeSimone's ineligibility.

The Commission also considered DeSimone's allegation of bias by the appointing authority which was based on an email from a Township official to a police captain stating, "FYI what would Civil Service do when this guy beats on some prisoner[?]" It determined DeSimone's presented facts failed to show bias, and that his claim of collusion between the Commission and the appointing authority was also unfounded because the Commission acted in accordance with its statutory role in requesting documentation and addressing deficiencies. The Commission declined to forward DeSimone's appeal for an administrative law hearing.

In February 2022, the Commission received an Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, request from the president of AGREAT, which sought DeSimone's appeal files. Several days later, the Commission

denied the OPRA request, citing N.J.A.C. 4A:1-2.2(c), and advised that "the . . . Commission appeal files [we]re not public records." The same day, AGREAT requested the records under the common law right of access stating, "There can be no interest in privacy while we have an interest in governmental regularity and fair treatment of veterans. I look forward to receipt of the records." On March 4, 2022, the Commission again denied AGREAT's request reiterating that the "appeal files [we]re not public records" and closed the matter.

On March 28, 2022, AGREAT filed an order to show cause and verified complaint alleging defendants violated the common law right of access to public records, the New Jersey Constitution, the New Jersey Civil Rights Act, and requested an award of attorneys' fees.

Following oral argument, the motion judge entered an order dismissing the complaint with prejudice. In his statement of reasons, the judge found AGREAT had demonstrated the documents were public records and established a public interest in veterans' fair employment treatment but found after balancing the interests in disclosure against the Commission's interests in non-disclosure, AGREAT was not entitled to the documents under the common law right of access.

A-3523-21

On appeal, AGREAT argues the judge: failed to follow the common law presumption of openness and transparency; should have required a <u>Vaughn</u>[1] index; too narrowly applied the broad common law right of access; wrongly accepted defendant's generalized denials; and improperly balanced the relevant interests.

II.

Our review of a "determination regarding the common law right of access is de novo." <u>N. Jersey Media Grp., Inc. v. Bergen Cnty. Prosecutor's Off.</u>, 447 N.J. Super. 182, 194 (App. Div. 2016). We do not disturb a trial judge's factual findings "if they are 'supported by adequate, substantial[,] and credible evidence.'" <u>N. Jersey Media Grp., Inc. v. State, Off. of Governor</u>, 451 N.J. Super. 282, 295 (App. Div. 2017) (quoting <u>Zaman v. Felton</u>, 219 N.J. 199, 215 (2014)).

A common law right of access to public records exists independently of OPRA. <u>See</u> <u>Gannett Satellite Info. Network, LLC v. Township of Neptune</u>, 254

---

[1] <u>Vaughn v. Rosen</u>, 484 F.2d 820, 826-28, (D.C. Cir. 1973). A <u>Vaughn</u> index is a privilege log "containing a 'relatively detailed' justification for the claim of privilege being asserted for each document. The judge analyzes the index to determine, on a document-by-document basis, whether each such claim of privilege should be accepted or rejected." <u>Paff v. Div. of L.</u>, 412 N.J. Super. 140, 161 n.9 (App. Div. 2010) (quoting <u>Vaughn</u>, 484 F.2d at 826-27).

N.J. 242, 256 (2023); see also N.J.S.A. 47:1A-8 (stating that "[n]othing" in OPRA "shall be construed as limiting the common law right of access to a government record"). At common law, a citizen has "an enforceable right to require custodians of public records to make them available for reasonable inspection and examination." ACLU of N.J. v. Cnty. Prosecutors Ass'n of N.J., 474 N.J. Super. 243, 268 (App. Div. 2022) (quoting Irval Realty Inc. v. Bd. of Pub. Util. Comm'rs, 61 N.J. 366, 372 (1972)). "The definition of a public record under the common law is broader than under OPRA." Rivera v. Union Cnty. Prosecutor's Off., 250 N.J. 124, 143 (2022). However, "[t]o obtain records under 'this broader class of materials, [a] requestor must make a greater showing than OPRA requires.'" Id. at 144 (second alteration in original) (quoting N. Jersey Media Grp., Inc. v. Township of Lyndhurst, 229 N.J. 541, 578 (2017)).

"[T]he common[]law right of access . . . is not absolute." Keddie v. Rutgers, 148 N.J. 36, 50 (1997). The threshold question under the common law right to access is whether the requested records are "public records." See O'Shea v. Township of W. Milford, 410 N.J. Super. 371, 386-87 (App. Div. 2009). Under the common law, to constitute a public record, three elements must be met: (1) the record is "one required by law to be kept, or necessary to be kept . . . or directed by law to serve as a memorial and evidence of something

written"; (2) the document was "made by a public officer"; and (3) "the officer [was] authorized by law to make it." Carter v. Doe (In re N.J. Firemen's Ass'n Obligation), 230 N.J. 258, 281 (2017) (quoting Nero v. Hyland, 76 N.J. 213, 222 (1978)).

Once the requested information is established to be a public record: "(1) the person seeking access must establish an interest in the subject matter of the material; and (2) the [person's] right to access must be balanced against the State's interest in preventing disclosure." Rivera, 250 N.J. at 144 (alteration in original) (quoting Lyndhurst, 229 N.J. at 578) (internal quotation marks omitted).

"[U]nder the common law . . . 'the focus must always be on "the character of the materials sought to be disclosed."'" Home News v. Dep't of Health, 144 N.J. 446, 455 (1996) (quoting Loigman v. Kimmelman, 102 N.J. 98, 112 (1986)). "Above all, the process is flexible, and 'sensitive to the fact that the requirements of confidentiality are greater in some situations than in others.'" Ibid. (quoting McClain v. Coll. Hosp., 99 N.J. 346, 362 (1985)).

"When there is a confidentiality claim, the 'applicant's interest in disclosure is more closely scrutinized.'" Carter, 230 N.J. at 282 (quoting Keddie, 148 N.J. at 51). Courts are to "consider whether the claim of confidentiality is

'premised upon a purpose which tends to advance or further a wholesome public interest or legitimate private interest.'" Keddie, 148 N.J. at 51 (quoting Loigman, 102 N.J. at 112). Our Supreme Court has determined that "the trial court [is] 'the best forum to elicit facts about the parties' interests under the common law and to balance those interests.'" Gannett Satellite, 254 N.J. at 258 (quoting Rivera, 250 N.J. at 146). "[W]hen the requested material appears on its face to encompass legislatively recognized confidentiality concerns, a court should presume that the release of the government record is not in the public interest." Michelson v. Wyatt, 379 N.J. Super. 611, 621 (App. Div. 2005).

III.

It is undisputed the records AGREAT seeks from the Commission, under the common law right of access, are public records. The Commission, pursuant to N.J.S.A. 11A:2-6(b), is the authorized agency tasked with reviewing "the written record," and rendering an FAD on a civil service applicant's appeal.

AGREAT's asserted public interest in the fair employment treatment of veterans for its records request is supported. As the judge found, AGREAT met the public interest prong of the common law right of access test because it demonstrated a sufficient "wholesome public interest." There is a well-established interest in the fair appointment of veteran applicants becoming

police officers. See N.J.S.A. 11A:5-6 (providing "[w]henever a disabled veteran or veteran shall be certified to an appointing authority from an open competitive employment list . . . the appointing authority shall appoint the disabled veteran or veteran in the order of ranking").

Here, the point of contention is whether AGREAT has established a common law right of access to the Commission's public records over the Commission's interests in non-disclosure. To determine whether a balancing of the interests mandates disclosure of a public document under the common law, a court must undertake a review of the factors identified by the Supreme Court in Loigman:

> (1) the extent to which disclosure will impede agency functions by discouraging citizens from providing information to the government; (2) the effect disclosure may have upon persons who have given such information, and whether they did so in reliance that their identities would not be disclosed; (3) the extent to which agency self-evaluation, program improvement, or other decision making will be chilled by disclosure; (4) the degree to which the information sought includes factual data as opposed to evaluative reports of policymakers; (5) whether any findings of public misconduct have been insufficiently corrected by remedial measures instituted by the investigative agency; and (6) whether any agency disciplinary or investigatory proceedings have arisen that may circumscribe the individual's asserted need for the materials.

10

[102 N.J. at 113.]

Here, the judge correctly analyzed each factor in detail. We discern no error in the judge's determination under factor one that "[d]isclosure will impede the Commission's primary function to ensure merit-based employment by discouraging employees and applicants from providing information to the Commission for purposes of appealing civil service employment actions." As the judge explained regarding the Commission's function, "the character of the materials" is highly relevant.

The Commission undisputedly operates to safeguard a "personnel system that provides a fair balance between managerial needs and employee protections for the effective delivery of public services." See N.J.A.C. 4A:1-1.1. With this purpose, the Legislature charged the Commission with oversight of civil service employment appeals and with the responsibility of maintaining the records. The confidentiality interest in the Commission's employment records was recognized by the Legislature, pursuant to N.J.A.C. 4A:1-2.2(c), which states "[a]ppeals files in any . . . Commission . . . matters, including written submissions of the parties and all other related documentation used to make an administrative determination" are "not . . . considered government records subject to public access." AGREAT's argument that the recognized confidentiality of records,

precluding disclosure, is irrelevant because it only applied to "former, current [or] prospective . . . employees" is wholly unsupported by the plain language in N.J.A.C. 4A:1-2.2(c), which directly applies to filed appeals.

Concomitantly, OPRA exempts "personnel . . . records of any individual in the possession of a public agency, including but not limited to records relating to any grievance filed by or against an individual," as those records are not "considered a government record and shall not be made available for public access." N.J.S.A. 47:1A-10. Although not dispositive to a common law right of access review, the legislatively recognized confidentiality interest exempting from disclosure the Commission's appeal records under OPRA is informative, which the judge correctly found, "weigh[s] heavily" against disclosure. The Legislature preserved the right of a party to "either review the file at the . . . Commission . . . or request copies of file materials" in "written record appeals." N.J.A.C. 4A:2-1.1(d)(2). Further, the Commission's FADs are specifically considered public records for disclosure. N.J.A.C. 4A:1-2.2(c)(1).

Unquestionably, the Commission's function of evaluating challenges to eligibility removals relies on accurate and candid submissions from applicants, appointing authorities, and third parties. It is readily discernible that the disclosure of applicants' personal and sensitive employment information would

12

quell participation. Additionally, the Commission would be inhibited in its charge of reviewing employment decisions and providing FADs if limited information were submitted. We discern no reason to disturb the judge's thoughtful determination that the Commission's function would be impeded; thus, the interest considerations under factor one weigh strongly against disclosure.

Similarly, under factor two, disclosure of the appeal records would affect the information individuals provide as there exists a reliance on a level of privacy and confidentiality in submitting employment information. Commission records commonly contain information from parties relying on non-disclosure. Access to the records under the common law would deter citizens from applying for civil service positions and result in circumspection of the information provided. Contrary to AGREAT's argument, the judge's determination that applicants would be more likely to "pursue their appeal rights without fear" knowing their personal employment information would not be disclosed as a public record was correctly reasoned.

Applicants have an expectation of privacy and confidentiality because background checks require detailed disclosure of previous employment information, driving history, and personal history. We also agree with the judge

13

that applicants for employment "may withhold important and possibly dispositive information" if they may no longer rely on the confidentiality of the employment records provided. AGREAT's argument that defendants failed to provide support to establish a confidentiality interest is unavailing.

We also see no reason to disturb the judge's finding that factors three and four were in equipoise based on the record. The judge found the factors were both neutral in the balancing analysis because, under factor three, there was no demonstration that the "agency decision-making w[ould] be chilled," and, under factor four, neither party "indicated" "the appeals files could contain a mix of factual data and evaluation reports." We note defendants' opposing argument that AGREAT posits new arguments on appeal regarding factors three and four, which were not presented below. Arguments not raised before the motion judge are not fairly considered on appeal. See Zaman, 219 N.J. at 226-27 (recognizing claims that are not presented to a trial court are inappropriate for consideration on appeal).

As to factor five, the judge correctly determined that, based on the record, he could not find "any public misconduct was insufficiently corrected by remedial measures instituted by the [Commission]." In the FAD, the Commission found DeSimone's allegations of bias and collusion

14

unsubstantiated. AGREAT's argument that disclosure is warranted "to allow the public to draw its own conclusions," because the judge misconstrued that an Administrative Law Judge reviewed the matter, and that the Commission conducted "no investigation," is without merit. A mere statement of misconduct is insufficient. Keddie, 148 N.J. at 51 (quoting Loigman 102 N.J. at 112). Indeed, we conclude the mere assertion of "a generalized suspicion of corruption" is insufficient to overcome an established public interest in confidentiality. Wilson v. Brown, 404 N.J. Super. 557, 583 (App. Div. 2009).

Lastly, under factor six, as argued by AGREAT and conceded by defendants, the "Commission's appeal file is not the result of an 'investigatory' proceeding." We part ways with the judge in his determination that the Commission's review is an investigatory proceeding. The proceeding, in accordance with N.J.A.C. 4A:4-4.7(c), provides that a Commission representative reviews submissions and determines if sufficient grounds exist to support the appointing authority's removal. A party may then appeal the decision to the Commission under N.J.A.C. 4A:2-1.1. We are unpersuaded by AGREAT's argument that the factor six weighs in favor of disclosure.

In summary, factors one and two weigh heavily in favor of non-disclosure and the remaining Loigman factors are either in equipoise or inapplicable.

15

Accordingly, we conclude, as did the judge, the detrimental effect on the Commission's function and the diminution of information provided if confidentiality is no longer afforded militates against the common law right of access to the Commission's public records.

Lastly, we discern no error in the judge's decision denying AGREAT's request for a Vaughn index. A Vaughn index "is used in circumstances where it is evident that some of the documents may not in fact be privileged." Paff, 412 N.J. Super. at 161. As the judge correctly determined, a review of the record readily yields that the public records are not subject to disclosure; thus, a Vaughn index was not required. Paff v. N.J. Dep't of Labor, Bd. of Rev., 379 N.J. Super. 346, 355 (App. Div. 2005).

To the extent we have not addressed AGREAT's remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16                                                                    A-3523-21