946 A.2d 53 (2008)
400 N.J. Super. 61
Janon FISHER, Complainant-Appellant,
v.
DIVISION OF LAW, Respondent-Respondent.
Nos. A-2288-06T3, A-2448-06T3.
Superior Court of New Jersey, Appellate Division.
Submitted March 4, 2008.
Decided April 28, 2008.
*55 McCusker, Anselmi, Rosen & Carvelli, Chatham, and American Civil Liberties Union of New Jersey Foundation, attorneys for appellant (Edward L. Barocas, of counsel; Bruce S. Rosen, on the brief).
Anne Milgram, Attorney General, attorney for respondent (Patrick DeAlmeida, Assistant Attorney General, of counsel; Mary Beth Wood, Deputy Attorney General, on the brief).
Trenk, DiPasquale, Webster, West Orange, Della Fera, Sodono, attorneys for respondent Government Records Council (Meaghan Tuohey-Kay, on the statement in lieu of brief).
Before Judges SKILLMAN, WINKELSTEIN and LEWINN.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, authorizes a public agency to impose a "special service charge" if a response to a request for production of government records will involve an "extraordinary expenditure of time and effort." N.J.S.A. 47:1A-5(c). However, this charge must be "reasonable." Ibid. The primary issue presented by this appeal is whether it was reasonable for the Division of Law to assign responsibility for retrieval and review of e-mails and computer files responsive to an OPRA request to the assistant and deputy attorneys general who had prepared those records. We conclude that the Division reasonably determined that those attorneys could identify the records responsive to the OPRA request and any privileged parts of those records more expeditiously and reliably than clerical staff or the Division's Custodian of Records. Therefore, the special service charge for production of those records was properly based on the time expended by the assistant and deputy attorneys general in retrieving and reviewing the requested government records.
On March 14, 2004, appellant, who is a freelance journalist, submitted a request to the Division of Law, Department of Law and Public Safety, for production under the OPRA of an expansive list of government records relating to the assignment of deputy attorneys general to the Government Records Council (Council) and the Division's representation of that state agency. Appellant requested:
All emails, correspondence, memoranda and other records concerning the assignment of Deputy State Attorney Generals as GRC staff, temporary or permanent, and their involvement in OPRA cases where the state Department of Law and Public Safety or any of its entities is a party. Additionally I request, all emails, correspondence, memoranda and other records addressing GRC complaint response times and backlogs.
And I request all outgoing and incoming emails, correspondence, memoranda and other communications between GRC staff members and members of the Department *56 of Law & Public Safety concerning GRC backlogs and staffing matters.
. . . .
I also request any and all correspondence between the Department of Law and Public Safety and the governor's office regarding staffing of the GRC, the processing of OPRA requests and any OPRA exemptions.
On April 2, 2004, Robert Sanguinetti, the Custodian of Records for the Division of Law, sent the following response to this request:
Please be advised that because the Division of Law made an extraordinary expenditure of time and effort to accommodate this request, there will be a special service charge of $1877.93. Several Division of Law attorneys had to search through thousands of e-mails as well as numerous files to locate documents responsive to your request. The total time spent by these attorneys was 52.5 hours and the hourly rate is based on the salaries of the Deputy Attorneys General involved.
Please advise if you agree to payment of this special service charge. Upon receipt of such notification, we will forward the records in response to your request.
Appellant responded that he would need a few days to decide whether to pay the required charge for production of the documents. Appellant also asked how many pages of documents would be produced in response to his request. Sanguinetti advised appellant that the Division of Law could not answer this question because it had not completed its search for the documents he had requested.
At this point, appellant submitted a second request for production of government records to the Division of Law, which sought "copies of any emails, memos, notes or other written or recorded correspondence" regarding calculation of the "special service charge" for production of the records identified in appellant's original OPRA records request.
Sanguinetti responded that the Division of Law had identified eleven documents responsive to this request and asked appellant to send a check for $8.00 to cover the cost of copying those documents. Appellant sent this fee, and the Division of Law produced the eleven documents. However, the copies sent to appellant had redactions of some contents of six of the documents, which the Division claimed were subject to the "attorney-client and/or deliberative process privileges."
Appellant subsequently filed complaints with the Council challenging both the $1,877.93 special service charge for the search required to respond to his first OPRA request and the redactions in the documents produced in response to his second OPRA request.
The Council required the Division of Law to submit information to justify imposition of the special service charge. In response, the Division submitted certifications by the five deputy and two assistant attorneys general who had spent time searching their e-mail and computer files to locate documents responsive to appellant's request. In addition, the Division submitted a certification by Custodian of Records Sanguinetti, which stated that the $1,877.93 special service charge had been calculated by multiplying the total hours expended on appellant's request, which was 52.5 hours, by $35.77, which was the hourly rate of the lowest-salaried deputy attorney general working on the request.
After reviewing this submission, the Council initially concluded that although the Division had established that the search required to respond to appellant's *57 first OPRA request involved an "extraordinary expenditure of time and effort," N.J.S.A. 47:1A-5(c), and thus warranted a special service charge, the Division had not met the burden of justifying the use of deputy attorneys general to conduct the search and therefore could only charge appellant the routine copy charges authorized by N.J.S.A. 47:1A-5(c). The Division appealed this final agency action.
In response to appellant's complaint regarding the Division's redactions of portions of the documents produced in response to appellant's second OPRA request, the Council required the Division to submit a "Vaughn index" explaining the basis for its assertion that the redacted materials were privileged. The Division submitted a Vaughn index, but the Council concluded that the index "lack[ed] specificity in justifying the claimed exemptions." Therefore, the Council required the Division to disclose the eleven documents relating to the calculation of the special service charge without any redactions. The Division filed a motion for reconsideration, which requested the Council to conduct an in camera review of the documents. However, the Council denied the motion. The Division also appealed this final agency action.
After the Division's two appeals were consolidated, the Council moved for a remand so it could reconsider the matters. In its supporting papers, the Council noted that it had decided both of appellant's complaints without the benefit of in camera inspection of the relevant documents and that it had concluded, based on the advice of counsel and its current executive director, that it should conduct "a thorough in camera review of the subject e-mails . . . for the purpose of determining if any privileges exist and whether a special surcharge is appropriate." We granted the motion and remanded the matters to the Council.
After an in camera review of the redacted material in the documents the Division produced in response to appellant's second OPRA request and reconsideration of its position, the Council reversed itself with regard to both of appellant's complaints. The Council concluded that it was appropriate for the deputy attorneys general who created or possessed the relevant records to review those records. Therefore, the Council concluded that the $1,877.93 special service charge was reasonable. The Council also concluded, based on its in camera inspection of the eleven documents the Division produced in response to appellant's second OPRA request, that the redacted materials were exempt from disclosure under the deliberative process privilege.[1]
The Division of Law then filed motions to dismiss its appeals, which we granted. Appellant filed separate notices of appeal from the Council's decisions on remand rejecting both of his complaints. We subsequently consolidated the appeals.

I
Under the OPRA, a public agency may routinely charge any party the actual cost of duplication of government records, N.J.S.A. 47:1A-5(b). In addition, if the production of government records involves "an extraordinary expenditure of time and effort[,]" N.J.S.A. 47:1A-5(c) authorizes a public agency to impose a "special service charge[.]" This section provides in pertinent part:

*58 Whenever the nature, format, manner of collation, or volume of a government record embodied in the form of printed matter to be inspected, examined, or copied pursuant to this section is such that the record cannot be reproduced by ordinary document copying equipment in ordinary business size or involves an extraordinary expenditure of time and effort to accommodate the request, the public agency may charge, in addition to the actual cost of duplicating the record, a special service charge that shall be reasonable and shall be based upon the actual direct cost of providing the copy or copies[.] . . . The requestor shall have the opportunity to review and object to the charge prior to it being incurred.
[Emphasis added.]
Thus, if the nature or volume of government records sought under the OPRA warrants a "special service charge[,]" this charge must be "reasonable" and "based upon the actual direct cost" of accommodating the request.
The Legislature has delegated authority to the Council to hear and adjudicate any complaint by a party who claims to have been improperly denied access to government records. N.J.S.A. 47:1A-7(b).[2] Consequently, if a public agency has conditioned its production of government records upon the payment of a special service charge, the requestor may challenge either its obligation to pay such a charge or the amount of the charge by filing a complaint with the Council.
Our review of a decision by the Council regarding a public agency's imposition of a special service charge is governed by the same standards as review of a decision by any other state agency. Serrano v. S. Brunswick Twp., 358 N.J.Super. 352, 362, 817 A.2d 1004 (App.Div.2003). A reviewing court will not overturn an agency's decision unless it violates express or implied legislative policies, is based on factual findings that are not supported by substantial credible evidence, or is arbitrary, capricious or unreasonable. See Aqua Beach Condo Ass'n v. Dep't of Comty. Affairs, 186 N.J. 5, 15-16, 890 A.2d 922 (2006).
The Division of Law's response to appellant's complaint regarding the $1,877.93 special service charge for production of the documents identified in his original OPRA request was based on certifications by the Division's Custodian of Records Robert Sanguinetti and the five deputy and two assistant attorneys general who maintained the e-mail and computer files dealing with the subject matter of the request. Those certifications indicated that the attorneys in the Division had to review more than 15,000 e-mails and computer files compiled over a period of nearly two years to locate the records responsive to appellant's request. This process had already consumed a substantial amount of time when the attorneys' certifications were prepared, and it was anticipated that a total of approximately 52.5 hours would be required to retrieve and review all the records sought by appellant. Sanguinetti's certification also indicated that only the attorneys who had prepared the e-mails and computer files could properly conduct the searches:
Given that the information requested is on the computers or in files held by the individual Deputy Attorneys General responsible for responding to various inquiries and requests for counsel or *59 advice, only those Deputy Attorneys General involved in providing counsel or advice are available to accommodate the request. Moreover, given that the task involves legal analysis in reviewing any records that may be responsive for any applicable privilege, the task cannot be delegated to a clerk.
Based on this submission, the Council concluded that the e-mail and computer file search required for the Division of Law to respond to appellant's document request involved an "extraordinary expenditure of time and effort" that warranted a "special service charge[.]" The Council also concluded that "the human resource level necessary to review the attorneys records to identify those records responsive to the request and any information contained therein requiring redactions due to the exemption from disclosure for advisory, consultative or deliberative materials . . . is the Deputy Attorneys General by who such records were made, maintained, kept on file or received in the course of official governmental business."
On appeal, appellant does not dispute the Council's conclusion that the work required to comply with his original OPRA request warranted a special service charge. Appellant's only argument is that this charge is excessive. More specifically, appellant argues that the Council erred in concluding that it was reasonable for the Division of Law to assign responsibility for searching e-mails and computer files to identify the ones responsive to appellant's OPRA request to the attorneys who prepared those e-mails and computer files.
Appellant's argument rests primarily on the Law Division's opinion in Courier Post v. Lenape Regional High School District, 360 N.J.Super. 191, 821 A.2d 1190 (Law Div.2002), which involved a newspaper's request to inspect the invoices and bills law firms had submitted to a school district. The school district claimed that a special service charge was warranted for additional attorneys' fees it would incur "to have the law firms review and redact from those bills privileged and other confidential material." Id. at 196, 821 A.2d 1190. The court held that although the school district's costs for retrieving the documents required to respond to the newspaper's request could justify a special service charge, id. at 201-03, 821 A.2d 1190, the attorneys' fees paid to outside counsel to review the documents to determine whether they contained privileged material could not be included in the charge, id. at 203-07, 821 A.2d 1190. In reaching this conclusion, the court stated that the OPRA "places the responsibility of identifying exempt material and redacting or excising it squarely on the custodian of the records sought to be inspected[,]" rather than outside counsel. Id. at 204, 821 A.2d 1190.
A decision by the Law Division is of course not binding upon this court. In any event, we are satisfied that Courier Post is not relevant to the question posed by this appeal. This is not a case where the government records have already been retrieved and a public agency seeks to impose a "special service charge" solely for the purpose of outside counsel determining whether the records contain privileged material that should be redacted. See id. at 203, 821 A.2d 1190. Instead, the special service charge the Division of Law seeks to impose upon appellant is for the cost of retrieval of the government records responsive to appellant's requests, and the public officials the Division has assigned to perform this responsibility are the same public officials who prepared the government records. Therefore, this appeal does not present the question involved in Courier Post, which was whether the special service charge authorized by N.J.S.A. 47:1A-5(c) may include fees a custodian of *60 government records incurs for outside attorney review to determine whether government records contain privileged material.
The only question presented by this appeal is whether the Council's conclusion that it was reasonable for the Division of Law to assign responsibility for retrieval of the e-mails and computer files responsive to appellant's OPRA request to the attorneys who prepared those records was arbitrary and capricious. We are satisfied that it was not. The Council reasonably concluded that the authors of the e-mails would be able to identify items that relate to the subject matter of appellant's OPRA request more expeditiously and reliably than clerical employees. Moreover, attorney e-mails may involve highly sensitive materials that should not be seen even by other employees of the public agency. This would be particularly true of e-mails dealing with personnel and other internal matters prepared by deputy and assistant attorneys general occupying supervisory positions within the Division of Law.
Although it is unclear how much, if any, of the time expended to comply with appellant's OPRA request has or will involve review of e-mails and computer files to identify privileged material, we see no reason why that time should be excluded from the special service charge. The OPRA contemplates that identification of privileged material is an integral part of a public agency's response to a request for production of government records. See N.J.S.A. 47:1A-5(g). Even though an agency's custodian of records ordinarily should be able to identify privileged material, see Courier Post, supra, 360 N.J.Super. at 202-05, 821 A.2d 1190, there may be circumstances where review of the records by the agency's professional or supervisory personnel is required to make this determination, see id. at 202, 821 A.2d 1190. Such review may be especially appropriate when an OPRA request is made to an agency like the Division of Law, which provides legal advice to other agencies of state government, N.J.S.A. 52:17A-4(c), N.J.S.A. 52:17A-11, that is subject to the attorney-client privilege. See Ross v. City of Memphis, 423 F.3d 596, 600-03 (6th Cir.2005); In re Grand Jury Investigation, 399 F.3d 527, 532-36 (2d Cir.2005); Restatement (Third) of the Law Governing Lawyers § 74 (2000).
Moreover, a deputy or assistant attorney general who has prepared a written communication to another state agency may be able to identify the privileged portions of that communication more expeditiously and economically than the Division's Custodian of Records. In any event, the $65,000 annual salary of the lowest salaried deputy attorney general involved in the search for the documents appellant requested, which the Division used to determine the special service charge, was substantially less than the $103,297 annual salary of the Division's Custodian of Records. See New Jersey Public Employees  2006 Salary of Robert Sanguinetti, http://php.app.com/employees06/details.php?recordID=1460. Therefore, the Council's conclusion that it was reasonable for the Division of Law to assign responsibility for the retrieval and review of the e-mails and computer files responsive to appellant's OPRA request to the deputy and assistant attorneys general who prepared those records was not arbitrary and capricious.

II
We turn next to appellant's argument that the redacted portions of the eleven documents the Division of Law provided in response to appellant's second OPRA request are not exempt from disclosure under the deliberative process privilege *61 provided by N.J.S.A. 47:1A-1.1. To be protected under this privilege, "(1) the document must be predecisional, meaning it was `generated before the adoption of an agency's policy or decision,' and (2) it `must be deliberative in nature, containing opinions, recommendations, or advice about agency policies.'" Gannett N.J. Partners, LP v. County of Middlesex, 379 N.J.Super. 205, 219, 877 A.2d 330 (App. Div.2005) (quoting In re the Liquidation of Integrity Ins. Co., 165 N.J. 75, 84-85, 754 A.2d 1177 (2000)). If a public agency claims that documents are protected from disclosure under the deliberative process privilege, the Council may review the documents in camera to determine whether the privilege has been properly invoked. See Paff v. N.J. Dep't of Labor, Bd. of Review, 379 N.J.Super. 346, 355, 878 A.2d 31 (App.Div.2005).
On the remand, the Council reviewed the redacted portions of the documents the Division produced in response to appellant's second OPRA request and concluded that they were protected by the deliberative process privilege.[3] In reaching this conclusion, the Council concluded that the redacted material was both predecisional and deliberative. After the Council's decision was appealed to us, we required the Division to submit the unredacted documents to us. Based on our review of those documents, we are satisfied that the Council correctly concluded that the redacted portions of those documents were deliberative in nature.
Moreover, even if documents protected by the deliberative process privilege are subject to disclosure under sufficiently compelling circumstances (an issue we find it unnecessary decide), appellant has not shown the need for such disclosure. Appellant's second OPRA request was ancillary to his first OPRA request. The Division responded to appellant's first request by informing him that he would be required to pay a $1,877.93 special service charge to obtain the requested documents. Appellant's second OPRA request sought government records that showed how the amount of this charge had been determined. However, before the Council issued a final decision regarding appellant's second OPRA complaint, the Division of Law made full disclosure, in the form of twenty-eight pages of certifications by the Division's Custodian of Records and the deputy and assistant attorneys general responsible for compiling the documents responding to appellant's first OPRA request that indicated how that charge had been determined. Those certifications provided appellant with all the information he needed to challenge the amount of the special service charge. Therefore, appellant has no need for pre-decisional communications among the Division's staff as to how that charge would be determined.
Finally, we reject appellant's argument that the Council's decision that the redacted portions of the documents the Division provided in response to appellant's second OPRA request are protected from disclosure must be reversed because the Vaughn index prepared by the Division did not have the specificity required by Paff, supra, 392 N.J.Super. at 341, 920 A.2d 731. The purpose of a Vaughn index is not only to facilitate the decision-maker's review of governmental records to determine whether they contain privileged material but also to provide the party *62 seeking disclosure with as much information as possible to use in presenting his case. Halpern v. FBI, 181 F.3d 279, 291 (2d Cir.1999). A decision-maker's in camera review of the withheld documents is not ordinarily an adequate substitute for production of a proper Vaughn index because it does not afford the party seeking disclosure the opportunity to effectively advocate its position. Wiener v. FBI, 943 F.2d 972, 979 (9th Cir.1991). However, "when the facts in [the requestor's] possession are sufficient to allow an effective presentation of its case, an itemized and indexed justification of the specificity contemplated by Vaughn may be unnecessary." Brown v. FBI, 658 F.2d 71, 74 (2d Cir.1981). In this case, it should have been obvious to appellant from the twenty-eight pages of certifications that the Division produced in connection with appellant's first OPRA request that the material redacted from the Division's response to appellant's second OPRA request were communications among the Division's attorneys regarding the appropriateness of imposing a special service charge and the method of calculation of that charge, which would be protected by the deliberative process privilege. For this reason, the production of a more informative Vaughn index would not have provided appellant with any additional opportunity for advocacy of his request for disclosure of that material. Therefore, no purpose would be served by a remand to the Council for the purpose of requiring the Division to submit a more specific Vaughn index.
Affirmed.
NOTES
[1] The Council determined that the attorney-client privilege did not apply to the redacted material.
[2] The Superior Court has concurrent jurisdiction to hear such a complaint. See N.J.S.A. 47:1A-6.
[3] The Division did not produce the records that were the subject of appellant's first OPRA request because appellant never decided whether to pay the $1,877.93 special service charge. Therefore, the Council was not called upon to consider any privilege issues those records might raise.