**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1449-20

KATALIN GORDON,

     Appellant,

v.

CITY OF ORANGE,

     Respondent.

_____

Argued May 11, 2022 – Decided July 6, 2022

Before Judges Gilson and Gummer.

On appeal from the New Jersey Government Records Council, GRC No. 2013-255.

Katalin Gordon, appellant, argued the cause pro se.

Wilson David Antoine argued the cause for respondent City of Orange (The Antoine Law Firm, LLC, attorneys; Chirag D. Mehta, on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent Government Records Council (Debra A. Allen, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

This is the second appeal in this Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13, matter. On the first appeal we remanded the matter to the Government Records Council (Council) to impose appropriate penalties as prescribed by OPRA. The Council found that the former Clerk of the City of Orange had been responsible for the improper initial denial of appellant's OPRA request and imposed a $1,000 penalty on the former Clerk.

On this appeal, appellant Katalin Gordon challenges a final agency decision of the Council that did not impose additional penalties because the Council found that no other City employee had knowingly and willfully denied her initial OPRA request. Because the Council's decision is supported by substantial credible evidence and is not arbitrary, capricious, or unreasonable, we affirm.

I.

We discern the relevant facts from the administrative record. Beginning in late 2010, the City's then Clerk, Dwight Mitchell, had been absent from his office for an extended period. In June 2013, appellant submitted an OPRA request to the City's Clerk's office seeking three years of records of the sick days accumulated by and all disability insurance payments made to Mitchell.

An employee of the City's Clerk's office responded and denied the request, asserting that the information was exempt from OPRA under the "ongoing and pending litigation" exception. Following communications with the Clerk's office, appellant submitted a second OPRA request seeking documents showing that there was pending litigation involving Mitchell. An employee of the City's Clerk's office denied that request and informed appellant that a City attorney had determined that the request sought information protected from disclosure under several exemptions, including information related to an ongoing investigation and information protected by the attorney-client privilege.

In September 2013, appellant filed a complaint with the Council and asserted that the City was obligated to state the legal justification for denying her OPRA requests and that it should be compelled to produce the documents. Appellant also requested that the Council find that the City's non-disclosure was intentional and deliberate.

On April 29, 2014, the Council issued an interim order directing the City to disclose records concerning Mitchell's accumulated sick days and disability payments for the period January 2010 to June 2013. Thereafter, the City produced documents, but appellant contended that the production was incomplete.

A-1449-20

On September 30, 2014, the Council issued a final decision, finding that the City's response was complete and complied with its interim order. The Council also determined that there was no willful violation of OPRA in the City's initial denial and, therefore, the Council did not impose any penalties under OPRA.

Appellant filed her first appeal challenging the Council's 2014 decisions. We affirmed the Council's denial of appellant's contention that the City's response to her request for litigation records was incomplete. See Gordon v. City of Orange, Nos. A-4869-13 and A-1272-14 (App. Div. June 23, 2017) (slip op. at 11.) We reversed and remanded the Council's decision that denied imposing penalties. Id., slip op. at 14. We held that there was insufficient evidence to support the Council's finding that the denial of the initial OPRA request was not willful and deliberate. Id., slip op. at 13-14.

On October 31, 2017, the Council issued an interim order and imposed a $1,000 civil penalty on Mitchell. Although Mitchell had retired in December 2013, the Council found that he had been the City's Clerk at the time the City initially denied appellant's OPRA request. Acknowledging that Mitchell was not present in the office at the time that appellant made her OPRA request, the

Council reasoned that he was still the responsible custodian of records and the appropriate person to be penalized under OPRA.

Appellant moved for reconsideration, contending that the Council should have imposed penalties on other City employees, including the Deputy Clerk and attorneys from the City's legal department. The Council transmitted the matter to the Office of Administrative Law (OAL) for a hearing to determine if other City employees knowingly and willfully denied appellant's initial OPRA request.

Following an evidentiary hearing, on October 2, 2020, an Administrative Law Judge (ALJ) issued an initial decision finding that appellant had not demonstrated that any other City employee had knowingly and willfully denied her OPRA requests. The ALJ found that the City employees who had initially denied appellant's OPRA requests did so on the advice of legal counsel. The ALJ also found that, although the City's attorneys had not given correct advice, there was no showing that those attorneys or employees acted willfully or wantonly in initially denying the requests. Accordingly, the ALJ found that the Council had properly imposed a $1,000 penalty on Mitchell, who had been the City's Clerk and primary custodian of records at the relevant time. The ALJ also found that no other City employee should be penalized.

A-1449-20

The Council adopted the ALJ's factual findings and legal conclusions concerning the imposition of penalties under OPRA. Consequently, in a final agency decision issued on December 15, 2020, the Council reaffirmed its initial decision to impose a $1,000 penalty on Mitchell and found that no other City employee should be penalized.

II.

Appellant now appeals from the Council's December 15, 2020 final decision. She contends that the Council erred in (1) finding that the City's response was complete; (2) rejecting her claim that the City had provided "false responses" to her OPRA requests; (3) ignoring "new" evidence concerning the City's response to her OPRA requests; and (4) not imposing penalties on the City's Deputy Clerk or attorneys.

Appellant's first three arguments seek to challenge the Council's interim and final decisions issued in 2014. In that regard, she seeks to contend that the City's response to her OPRA requests was incomplete and false. Those arguments are barred by our decision on the first appeal. On the first appeal, we affirmed the Council's finding that her OPRA request for litigation records was overly broad. Gordon, slip op. at 10-11. Although we found the City had willfully and deliberately denied appellant's initial OPRA request, we did not

A-1449-20

find fault in the Council's conclusion that the City had produced responsive documents after the Council had directed the City to respond. Id., slip op. at 13-14. Appellant has not submitted any new evidence warranting a reopening of the decisions the Council made in 2014. Accordingly, we conclude that the law of the case doctrine applies here to "prevent relitigation of a previously resolved issue." Lombardi v. Masso, 207 N.J. 517, 538 (2011) (quoting In re Est. of Stockdale, 196 N.J. 275, 311 (2008)). This doctrine instructs courts to respect the ruling of a different judge or panel unless presented with "substantially different evidence, new controlling authority or a showing that the prior ruling was clearly erroneous." Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 1:36-3 (2022). "Moreover, 'the doctrine is more stringent when it is applied to a prior appellate decision in the same case.'" Washington Commons, LLC v. City of Jersey City, 416 N.J. Super. 555, 564 (App. Div. 2010) (quoting SMB Assocs. v. N.J. Dep't of Env't Prot., 264 N.J. Super. 38, 60 (App. Div. 1993)). In addition, appellant is collaterally estopped from raising issues that were or could have been raised on her first appeal. See Hennessey v. Winslow Twp., 183 N.J. 593, 599 (2005) (listing requirements to foreclose re-litigation of an issue under doctrine of collateral estoppel (quoting In re Est. of Dawson,

136 N.J. 1, 20-21 (1994))). Therefore, we reject appellant's attempt to reconsider issues that were or could have been decided in the first appeal.

The only Council decision open to appeal at this time is the decision not to impose penalties on other City employees, which was based on a finding that other employees had not acted willfully or wantonly in denying appellant's requests. Our review of that factual determination is limited.

Council decisions are governed by the same standard of review as a decision by any other State agency. Fisher v. Div. of Law, 400 N.J. Super. 61, 70 (App. Div. 2008). Agency factual findings will be reversed only if they are not supported by substantial credible evidence or the decision is otherwise arbitrary, capricious, or unreasonable. See Parsells v. Bd. of Educ. of the Borough of Somerville, ___ N.J. Super. ___, ___ (App. Div. June 6, 2022) (slip op. at 7) (citing In re Stallworth, 208 N.J. 182, 194 (2011)); Fisher, 400 N.J. Super. at 70. "The burden of proving that an agency action is arbitrary, capricious, or unreasonable is on the challenger." Parsells, __ N.J. Super. at __ (slip op. at 7). We review legal questions, including the interpretation of statutes such as OPRA, de novo. Libertarians for Transparent Gov't v. Cumberland Cnty., 250 N.J. 46, 55 (2022).

A-1449-20

Following our remand after the first appeal, the Council found that Mitchell, while on an extended leave, was still the City custodian of records in 2013 when appellant submitted her OPRA request and when the City initially responded to those requests. Therefore, the Council found that it was appropriate to impose a penalty on Mitchell. The matter was, thereafter, transferred to the OAL for an evidentiary hearing to determine if any other City employees had acted knowingly and willfully in initially denying appellant's OPRA request. After hearing testimony from witnesses and considering the written evidence, the ALJ made credibility findings based on witnesses' testimony and found appellant had failed to establish that any other City employee acted knowingly and willfully in denying or delaying the response to her requests. The Council then adopted the ALJ's factual findings.

Those factual findings are supported by substantial credible evidence as developed at the evidentiary hearing before the ALJ. Moreover, we discern nothing arbitrary, capricious, or unreasonable in the Council's adoption of those factual findings.

In her arguments on this appeal, appellant contends that the decision to initially deny her OPRA requests was made by the City's Deputy Clerk, who was effectively the custodian of records given that the Clerk was on an extended

9

leave. Appellant also challenges the basis for the legal advice given by the City attorneys. All those issues were considered by the ALJ at the evidentiary hearing. In particular, the ALJ heard testimony from the Deputy Clerk. After considering all the evidence, the ALJ determined that neither the Deputy Clerk nor the attorneys on whom she relied, had acted knowingly and willfully in initially denying appellant's OPRA requests. Given our limited standard of review, we discern no basis to disagree with that factual finding.

We do not understand appellant's arguments on this appeal to be seeking to vacate the imposition of the penalty on Mitchell, the former City Clerk and custodian of records. Consequently, we do not address that ruling.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10