**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2578-21

COREY CAUTHEN,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted March 11, 2024 – Decided March 27, 2024

Before Judges Mawla and Marczyk.

On appeal from the New Jersey Department of Community Affairs, Government Records Council, GRC Complaint No. 2020-215.

Corey Cauthen, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Department of Corrections (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent Government Records Council (Steven Michael Gleeson, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Appellant Corey Cauthen appeals pro se from the November 9, 2021 final agency decision of the Government Records Council ("GRC") affirming respondent New Jersey Department of Corrections' ("DOC") denial of his Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 to -13, request for the log books regarding Cauthen's attorney's visits from 2010 to 2011. He also challenges the GRC's February 14, 2022 denial of his motion for reconsideration. We affirm.

Cauthen attempted to confirm that his attorney did not visit him during a certain time period. He requested the DOC produce copies of the "attorney visit log book for . . . late 2010 [to] 2011 while [he] was housed at Northern State Prison." In September 2020, the records custodian for the DOC denied the request noting "a separate[] attorney log book is not maintained. Therefore, staff would have to review all log book[s] . . . searching for the entries that correspond to your attorney visits. This effort would substantially disrupt agency operations as it would take an employee weeks to locate responsive entries if they exist." Moreover, the DOC indicated that even if Cauthen was able to narrow his search

to specific dates, the records would be exempt from disclosure pursuant to N.J.A.C. 10A:22-2.3(a)(12) and (13).

In October 2020, Cauthen challenged that decision before the GRC. On November 9, 2021, the GRC issued a final decision adopting the findings of the Executive Director. The GRC found the DOC properly denied access to the records sought by Cauthen because the records were expressly exempt from disclosure under OPRA pursuant to N.J.A.C. 10A:22-2.3(a)(12) and (13). On February 14, 2022, the GRC denied Cauthen's motion for reconsideration because it was filed out of time.

Cauthen acknowledges that on February 4, 2023, he "received [the] records critical to his initial OPRA request." He asserts the DOC's Social Service Department provided a computer copy of his "inmate visitor list" for the periods of time at issue. Despite receiving these records, he argues that because this information was so readily available, we should grant his application to settle the record. He asserts this will serve to: (1) compel the DOC to produce records in its possession; (2) force the DOC to acknowledge the validity of the records produced by its Social Service Department; and (3) refute the DOC's own records.

3

The thrust of Cauthen's argument is that because the DOC was able to readily access and produce the information at issue, it calls into question its argument that the records were exempt under OPRA. He concedes his original OPRA request was "inartfully drafted as it requested a copy of attorney visit log book[s]," but he claims the DOC should have engaged in mediation to resolve the issue. He further argues the GRC improperly denied his motion for reconsideration as untimely because the delays were caused by the COVID-19 pandemic.

"We must accord substantial deference to the Council's interpretation of the limits of the authority bestowed upon it by its own enabling statute." Ciesla v. N.J. Dep't of Health & Sr. Services, 429 N.J. Super. 127, 148 (App. Div. 2012). We "will not overturn an agency's decision unless it violates express or implied legislative policies, is based on factual findings that are not supported by substantial credible evidence, or is arbitrary, capricious[,] or unreasonable." Fisher v. Div. of Law, 400 N.J. Super. 61, 70 (App. Div. 2008). Although an agency's determination as to the applicability of OPRA is a legal conclusion subject to de novo review, see O'Shea v. Township of West Milford, 410 N.J. Super. 371, 379 (App Div. 2009), "under our deferential standard of review, we give weight to the GRC's interpretation of OPRA." McGee v. Twp. of E.

Amwell, 416 N.J. Super. 602, 616 (App. Div. 2010). "We do not, however, simply rubber stamp the agency's decision." Bart v. City of Paterson Hous. Auth., 403 N.J. Super. 609, 618 (App. Div. 2008) (quoting Paff v. N.J. Dep't of Lab., 392 N.J. Super. 334, 340 (App. Div. 2007)).

"OPRA is designed to give members of the public 'ready access to government records' unless the statute exempts them from disclosure." Rivera v. Union Cnty. Prosecutor's Off., 250 N.J. 124, 140-41 (2022) (quoting Burnett v. Cnty. of Bergen, 198 N.J. 408, 421 (2009)). The purpose of OPRA is "to maximize public knowledge about public affairs in order to ensure an informed citizenry and to minimize the evils inherent in a secluded process." N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 229 N.J. 541, 555 (2017) (quoting Mason v. City of Hoboken, 196 N.J. 51, 64 (2008)); see also Rivera, 250 N.J. at 141 (OPRA's "core concern is to promote transparency in government"). "The public's right to disclosure, while broad, is not unlimited." Bozzi v. City of Jersey City, 248 N.J. 274, 284 (2021). "OPRA contains twenty-three explicit exemptions from disclosure." Ibid. "[I]f a document falls within one of these categories, it is not a government record and not subject to disclosure pursuant to OPRA." Commc'ns Workers of Am. v. Rousseau, 417 N.J. Super. 341, 355 (App. Div. 2010).

A-2578-21

We affirm substantially for the reasons set forth in the GRC's final decision. We briefly add the following. That Cauthen was able to obtain similar information through a different avenue does not mean the DOC improperly denied his request. The GRC correctly determined the DOC was not required to produce the "attorney visit [log book]." N.J.A.C. 10A:22-2.3(a)(12) provides that "[r]ecords and/or content related to inmate . . . visit information" are not government records subject to public access. Similarly, N.J.A.C. 10A:22-2.3(a)(13) exempts DOC "[l]og books" from the definition of public records. Accordingly, we discern no reason to disturb the GRC's decision and conclude it was not arbitrary, capricious, or unreasonable. Lastly, the GRC properly denied Cauthen's motion for reconsideration as untimely. Moreover, even if it was filed in a timely manner, he did not establish a basis which would have warranted the GRC to reconsider its decision.

The GRC's decision is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). To the extent we have not addressed any of Cauthen's remaining arguments, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-2578-21