**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1570-22
A-2393-22

ROTIMI OWOH, ESQ., on behalf
of DELORES SIMMONS, BAFFI
SIMMONS, and GRACE WOKO,

      Complainant-Appellant,

v.

BOROUGH OF ROSELLE POLICE
DEPARTMENT, UNION,

      Custodial Agency-Respondent.

_____

ROTIMI OWOH, ESQ, on behalf of
AFRICAN AMERICAN DATA AND
RESEARCH INSTITUTE,

      Complainant-Appellant,

v.

CLEMENTON BOROUGH POLICE
DEPARTMENT,

      Custodial Agency-Respondent.

_____

GOVERNMENT RECORDS
COUNCIL,

     Respondent.

_____

Submitted March 6, 2024 – Decided July 8, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the New Jersey Department of Community Affairs, Government Records Council, GRC Complaint Nos. 2021-141 and 2021-196.

Rotimi A. Owoh, attorney for appellants.

Weber Dowd Law, LLC, attorneys for respondent Borough of Roselle (Kraig McGrath Dowd and Neil Bernardo, on the brief).

George J. Botcheos, attorney for respondent Clementon Borough Police Department.

Matthew J. Platkin, Attorney General, attorney for respondent Government Records Council (Steven Michael Gleeson, Deputy Attorney General, on the statements in lieu of briefs).

PER CURIAM

In these back-to-back appeals, which we consolidate for purposes of issuing a single opinion, appellant Rotimi Owoh appeals from two orders of the Government Records Council (GRC) denying his applications for legal fees as a "prevailing party" in these suits brought pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13. In these two matters, the GRC

determined appellant was not entitled to attorney's fees as his complaints were not the cause for the custodians' release of the records at issue and, thus, he was not a prevailing party entitled to a fee award pursuant to N.J.S.A. 47:1A-6.[1] We agree and affirm.

To provide context, we identify the parties and summarize the proceedings prior to our discussion of the legal issues presented. Appellant, on behalf of the African American Data and Research Institute (AADARI) in A-1570-22 and Delores Simmons, Baffi Simmons, and Grace Woko in A-2393-22, appeals from final decisions of the GRC. Both matters pertain to OPRA requests, which sought among other things, certain "complaints and summons," also known as CDR-1 forms, R. 3:3-1(b), from two boroughs. Prior to appellant's submission of the requests in April 2021, we had decided CDR-1 records were maintained by the judiciary and therefore a municipal police department was not required to produce them in response to an OPRA request. See Simmons v. Mercado, 464 N.J. Super. 77, 86 (App. Div. 2020) rev'd, 247 N.J. 24 (2021). On June 17, 2021, the Supreme Court reversed our decision, finding "there is no question that . . . CDR-1s are government records subject to disclosure pursuant to

---

[1] Recently, OPRA was amended to modify a requestor's entitlement to fees as a prevailing party. N.J.S.A. 47:1A-6 (amended L. 2024, c. 16.). This amendment has no effect here given its effective date of September 3, 2024. Ibid.

OPRA," Simmons, 247 N.J. at 40, and CDR-1 records are government records that municipalities must provide in response to an OPRA request because the information on CDR-1 forms is prepared and entered by municipal police departments, id. at 41-42.

In A-1570-22, on April 28, 2021, AADARI filed an OPRA request seeking CDR-1 records from the Borough of Roselle, including:

> 3.  Copy of complaints and summonses prepared by your police department relating to individuals who were charged with drug possession and or drug paraphernalia by . . . from 2020 to present.
>
> 4.  Copy of [Driving While Intoxicated/Driving Under the Influence] summonses and complaints prepared and or issued by your police department from January 2020 to present.
>
> 5.  Copy of complaints and summonses prepared by your police department relating to individuals who were charged with jaywalking by your police department from January 2020 to present.

On June 4, 2021, the custodian of records provided a response denying the request for the summonses and complaints, also known as CDR-1s, stating as to requests numbered three through five, those records were not maintained by the Roselle Police Department. On June 28, 2021, the custodian of records provided an additional letter indicating that certain other records were attached, satisfying

other records requests, but her denial of the requests for the CDR-1 records remained unchanged.[2]

On July 7, 2021, appellant filed a denial-of-access complaint with the GRC, arguing the records-custodian's denial decision was contrary to the Supreme Court's June 17, 2021 decision in Simmons. Appellant asked the GRC to compel the Roselle Borough to provide the requested CDR-1 records and to award attorney's fees.

On February 1, 2022, the custodian of records provided appellant with access to the CDR-1 records, and approximately one week later, the custodian of records filed a statement of information in response to appellant's denial-of-access complaint.

On December 13, 2022, the GRC, having adopted the findings and recommendations of the GRC Executive Director, issued its final decision on the denial-of-access complaint, concluding the custodian of record's June 4, 2021 denial of the OPRA request was lawful because our then-binding decision in Simmons did not require municipal police departments to disclose CDR-1

---

[2] The custodian had provided complaints filed against the police department involving claims of misconduct, harassment, excessive use of force or discrimination from 2014 to present, and settlement agreements resolving those claims. Additional records included names, dates of hire, separation, salary and payroll records for individuals who either resigned or retired or were terminated from 2002 to 2017.

records in response to OPRA requests when those records were maintained by the judiciary. Relying on Teeters v. DYFS, 387 N.J. Super. 423, 432 (App. Div. 2006), the GRC denied appellant's fee application based on its determination the custodian of record's production of the CDR-1 records on February 1, 2022, was unrelated to appellant's July 2021 complaint. Thus, the GRC determined appellant was not a prevailing party and as a result, was not entitled to attorney's fees.

The parties contested the timeline of the custodian's denial of the request for the CDR-1 records in A-1570-22, and specifically the date on which the custodian issued the final denial of the request. Before the GRC, the Borough argued the custodian's June 4, 2021 letter, which included copies of certain records that had been requested, constituted a final denial of appellant's request for the CDR-1 records, and appellant argued the custodian's final denial of the request for the CDR-1 records was set forth in the June 28, 2021 letter. The GRC found the custodian's June 4, 2021 letter constituted a final denial of the requests for the CDR-1 records because the CDR-1 records requests had been addressed in full in that denial.

In A-2393-22, appellant requested similar records, including CDR-1 records, from the Clementon Borough Police Department. After she requested a sixty-day extension to respond to the request, the custodian of records provided

some records, and an AADARI representative emailed in response, stating: "I did NOT see any CDR-ls (complaints) relating to drug offenses attached to the [two] emails. Am I missing something? Please clarify." The custodian then replied, "let me review what was provided and double check with our [police department]/Court."

A Clementon municipal court employee then emailed the AADARI representative, stating:

> To whom it may concern:
>
> Please visit the NJ Judiciary website at NJMCdirect.com to access public records pertaining to municipal court matters. If you still require additional information, please complete the NJ Judiciary Records Request Form which is also available on the judiciary's website.

The custodian of records then wrote to the AADARI representative and appellant on August 30, 3021, clarifying:

> I am writing to advise that the Borough of Clementon has not denied your request for the remainder of the documents, and I am personally still attempting to acquire the "CDR-ls (complaints) relating to drug offenses," which you addressed in a follow up email to the documents provided previously. The email sent from [the municipal court employee] is not the official response of the custodian of records.

On August 31, 2021, the custodian of records emailed the AADARI representative and appellant the following records: "Arrests for Drug

Possession and Paraphernalia, January 2020 to present, and drug possession and paraphernalia summonses," "Jay-Walking Summonses," and "DWI Summonses," completing the CDR-1 records request. And, she explained the delay was because:

> it was necessary for staff in the [p]olice [d]epartment to review thousands of records to locate those that were responsive to your request. Despite this fact, the Borough did not impose any special service charge for this compilation. I sincerely apologize for the delay and any misunderstanding that the records were being denied. The Borough of Clementon had a transition in both the police clerk and police chief positions in the exact time period that the request was received and being processed, requiring the new staff to undertake the task of locating each of the requested documents, and determining which were responsive.

Prior to that email, however, on August 11, 2021, appellant filed a complaint with the GRC, arguing the July 27, 2021 correspondence from the municipal employee constituted a denial of access and was unlawful given the Court's June 17, 2021 holding in Simmons.

The GRC, in its final decision, determined "the [c]ustodian's failure to respond in writing to the [appellant]'s OPRA request either granting access, denying access, seeking clarification or requesting an extension of time within the extended period results in a 'deemed' denial . . . pursuant to N.J.S.A. 47:1A-5(g), N.J.S.A. 47:1A-5(i) . . . ," but that "the evidence of record demonstrates

the [c]ustodian intended to respond to the [c]omplainant's OPRA request notwithstanding the 'deemed' denial." Thus, according to the GRC, the "complainant has not achieved the desired result because the complaint did not bring about a change (voluntary or otherwise) in the custodian's conduct."

The GRC's decision noted that the department was undergoing a "transition" and highlighted several back-and-forth emails between the custodian and various officials in the police department and at the municipal court regarding who maintained the records and how the custodian "received conflicting information" in response. The GRC found that this confusion over emails delayed the custodian's attempt to provide the requested records and that the filing of the complaint did not bring about a change in the custodian's disposition.

On appeal, appellant argues he is the prevailing party in both matters as it was his filing of the GRC complaints that served as the catalyst for the custodians' eventual release of records under Teeters, 387 N.J. Super. 423, and Mason v. City of Hoboken, 196 N.J. 51 (2008).

I.

GRC decisions are governed by the same standard of review that applies to consideration of a decision by any other State agency. Fisher v. Div. of Law, 400 N.J. Super. 61, 70 (App. Div. 2008). Judicial review of quasi-judicial

agency's determination is limited. Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 143 N.J. 22, 25 (1995)). "An appellate court reviews agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann,192 N.J. 19, 27-28 (2007).

The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014). On appeal, the judicial role in reviewing all administrative action is generally limited to three inquiries:

> (1) whether the agency's action violated express or implied legislative policies, that is did the agency follow the law;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Allstars, 234 N.J. at 157 (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

Appellate review of agency rulings of law and issues regarding the applicability, validity (including constitutionality) or interpretation of laws, statutes, or rules is de novo. See In re Ridgefield Park Bd. of Educ., 244 N.J. 1, 17 (2020) (agency's interpretation of a statute). "[D]eterminations about the applicability of OPRA and its exemptions are legal conclusions and are therefore subject to de novo review." Simmons, 247 N.J. at 38 (quoting In re N.J. Firemen's Ass'n Obligation, 230 N.J. 258, 273-74 (2017)).

OPRA mandates that a custodian of records must either grant or deny access to requested records within seven business days from receipt of a request. N.J.S.A. 47:1A-5(i). And, a custodian's failure to respond in writing to an OPRA request granting access, denying access, seeking clarification, or requesting an extension of time within seven days is deemed a denial of the OPRA request. Ibid.; see also N.J.S.A. 47:1A-5(g).

OPRA includes an exception to the "American Rule," under which a prevailing party ordinarily cannot recover attorney's fees from the losing party. See Mason, 196 N.J. at 70 (citing Rendine v. Pantzer, 141 N.J. 292, 322 (1995)); N.J.S.A. 47:1A-6 ("A person who is denied access to a government record by the custodian of the record, at the option of the requester, may: institute a

proceeding to challenge the custodian's decision. . . . A requester who prevails in any proceeding shall be entitled to a reasonable attorney's fee.").

In Mason, our Supreme Court undertook an extensive review of the question of a parties' entitlement to attorney's fees under OPRA.[3] Ibid. The Court explained OPRA contains broader language on attorney's fees than the former Right To Know Law, N.J.S.A. 47:1A-1 to -4 (repealed 2002), ("RTKL"), and clarified the Legislature's revisions to the statute to: (1) mandate, rather than permit, an award of attorney's fees to a prevailing party; and (2) eliminate the $500 cap on fees and permit a reasonable, and quite likely higher, fee award. Id. at 75.

The Court explained that requestors are entitled to attorney's fees under OPRA, absent a judgment or an enforceable consent decree, when they can demonstrate: (1) "a factual causal nexus between plaintiff's litigation and the relief ultimately achieved;" and (2) "that the relief ultimately secured by plaintiffs had a basis in law." Id. at 76 (quoting Singer v. State, 95 N.J. 487, 494

---

[3] OPRA provides that "[a] requestor who prevails in any proceeding shall be entitled to a reasonable attorney's fee." N.J.S.A. 47:1A–6. Under the prior RTKL, "[a] plaintiff in whose favor such an order [requiring access to public records] issues . . . may be awarded a reasonable attorney's fee not to exceed $500.00." N.J.S.A. 47:1A–4 (repealed 2002).

(1984 )). "Consistent with our case law, litigants seeking fees are required to make that showing." Ibid. (internal citations omitted).

Here, appellant contends he is entitled to legal fees related to the initial denials of the OPRA requests, which were subsequently granted by the boroughs, because OPRA expressly requires counsel fees be paid to a prevailing party. Appellant maintains there is "a factual causal nexus between [the] litigation and the relief ultimately achieved"; and (2) "that the relief ultimately secured by [him] had a basis in law." See id. at 76 (citing Singer, 95 N.J. at 495). He argues he is therefore entitled to attorney's fees in each case.

## II.

In A-1570-22, the Roselle custodian of records denied the request for CDR-1s. The custodian characterized CDR-1 records as "[c]ourt records not maintained by RPD," apparently following our decision in Simmons. However, before appellant filed the GRC complaint, our Supreme Court reversed Simmons, holding that there could be more than one custodian of records of a single record and that both police departments—and the municipal courts—were custodians of CDR-1 records. 247 N.J. at 42-43.

In Simmons, the Millville Police Department (MPD) argued it did not "maintain[]" the servers with the CDR-1 records, but the Court focused on the word "makes," ibid., and as MPD made the records, the Court found that MPD

was a custodian of records, even though the records were stored and maintained elsewhere. <u>Ibid.</u> Noting that a government record is subject to OPRA if "a government official <u>makes, maintains, or keeps</u> on file electronic information in the course of his or her official business," <u>id.</u> at 41 (emphasis added) (quoting N.J.S.A. 47:1A-1.1), the Court held there could be "simultaneous custodians of the same information," and that the "or" in "makes, maintains, or keeps" makes the list disjunctive, rather than conjunctive. <u>Ibid.</u>

Appellant argues that but for his willingness to file and litigate the GRC complaint, the custodian would not have provided the CDR-1 records. Roselle maintains the GRC correctly determined the operative response was issued on June 4, 2021, when the Borough issued a "final response to the majority of those [requests] . . . and sought an extension only with respect to the remaining [records]," before the Supreme Court's June 17, 2021 decision in <u>Simmons</u>, 247 N.J. 24, and not on June 28, 2021.

Under our standard of review, the GRC's decision is entitled to substantial deference and will be upset if appellant demonstrates it was arbitrary, capricious, or unreasonable. <u>Zimmerman</u>, 237 N.J. at 475. The record shows the custodian initially provided some records and denied the CDR-1 records on June 4 based on the law in effect at the time the OPRA request had been made. The denial on June 4 is critical because it pre-dated the change in the law after

14

which the Borough would have had to release the CDR-1 records in its possession even if those same records were also maintained by the municipal court or the judiciary. Simmons, 247 N.J. at 42-43. The parties contest the date that constitutes the custodian's final denial.

In reviewing this matter, the GRC determined that the denial of request occurred on June 4, as all issues related to appellant's request for CDR-1 records had been addressed in full in that response. In its final decision, the GRC stated that:

> [the] [c]ustodian's June 4, 2021 response to the [c]omplainant's April 28, 2021 OPRA request is no longer a lawful denial pursuant to [Simmons, 247 N.J. at 42]; her response was nonetheless lawful at that time because it was consistent with the prevailing case law and Council decisions prior to the Court's ruling.
>
> . . . .
>
> the evidence of record supports that the original [c]ustodian's response was lawful at the time and the [c]ustodian's subsequent actions were in response to Simmons, rather than the complaint. Therefore, the [c]omplainant is not a prevailing party entitled to an award of a reasonable attorney's fee.
>
> [(Citations omitted).]

Because the June 4, 2021 response from the Roselle custodian constituted a denial of the CDR-1 records requests, stating—"[c]ourt records not maintained by [Roselle Borough Police Department]"—and occurred prior to

15

the Simmons Court's holding, we are persuaded the GRC's decision was correct. A review of the custodian of records' June 28, 2021 correspondence clearly shows it was a follow-up response to the June 4 correspondence although it indicated that some records—non-CDR-1 records—were being attached. We are not persuaded the June 28, 2021 letter constituted a re-examination of the custodian of records' previous denial of the request for CDR-1 records, in fact the custodian of records did not alter her June 4, 2021 denial of the request for the CDR-1 records. Critically, the GRC found that the custodian's providing of the requested records on February 1, 2022 resulted from the Court's reversal of our decision in Simmons, and there was no causal nexus between the filing of plaintiff's complaint and the eventual release of the records. See In re Herrmann,192 N.J. at 27-28 (2007) ("An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.").

Under the arbitrary-and-capricious standard, we discern no basis to reverse the GRC's findings and determination as there is no "clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record," In re Herrmann, 192 N.J. at 27-28.

III.

16

In the second matter, A-2393-22, appellant again argues he is entitled to fees as the prevailing party. However, he bases his entitlement to fees on a July 27, 2021 email from a Clementon Borough employee who was not the custodian of records. The record shows an exchange of several communications with the custodian of records of the Clementon Police Department, when another individual employed by the municipal court emailed the AADARI representative, stating:

> To whom it may concern:
>
> Please visit the NJ Judiciary website at NJMCdirect.com to access public records pertaining to municipal court matters. If you still require additional information, please complete the NJ Judiciary Records Request Form which is also available on the judiciary's website.

Appellant argues the municipal-court employee's email constitutes a denial of his request for records, and his subsequent GRC complaint filed on August 11, 2021, resulted in the records being provided. He maintains he is the prevailing party, and on that basis is entitled to fees. Appellant also argues there is "a factual causal nexus between [the] litigation and the relief ultimately achieved"; and (2) "that the relief ultimately secured [] had a basis in law." Mason, 196 N.J. at 76. However, OPRA expressly requires counsel fees be paid to a prevailing party described as first "[a] person who is denied access to a

government record by the custodian of the record . . . ."  N.J.S.A. 47:1A-6.  The statute therefore makes clear that prior to the examination of whether a factual causal nexus exist between the litigation and the relief ultimately achieved, appellant must first establish the custodian of records denied the request.  Singer, 95 N.J. at 494.

Here, the GRC correctly noted that the municipal-court employee who emailed the AADARI representative was not the Clementon Borough Police Department's custodian of records, and the employee's "email was not an official response on the [c]ustodian's behalf."  Thus, in the absence of a denial from the custodian of records, appellant's claim to be the prevailing party entitled to attorney's fees must fail.

Having determined the denial of records on which appellant relied was not made by the custodian of records, the GRC nevertheless concluded the Clementon custodian's failure to respond in writing to appellant's OPRA request by the deadline constituted a "deemed" denial under the statute.  N.J.S.A. 47:1A-5(i).  In doing so, the GRC next addressed whether a factual causal nexus exists between the litigation and the relief ultimately achieved.  The GRC concluded "[a] review of the facts indicates the [c]ustodian intended to provide responsive records to the [c]omplainant, regardless of the filing of the complaint," as she had "demonstrated her desire to fulfill the request, notwithstanding the extended

deadline's expiration and the complaint filing." Thus, "the complaint was not the catalyst for the [c]ustodian's intended disclosure and that no causal nexus exists."

In reaching its determination, the GRC specifically referred to the custodian's August 31, 2021 response to appellant, explaining that the police department was undergoing a "transition period of its Police Chief and clerk at the time of the request," and highlighted a number of emails between the custodian and the acting Police Chief and a municipal-court employee about who maintained the records and how the custodian had "received conflicting information" in response.

In fact, the custodian of records wrote to an ADDARI representative on August 30, 3021, clarifying:

> I am writing to advise that the Borough of Clementon has not denied your request for the remainder of the documents, and I am personally still attempting to acquire the "CDR-ls (complaints) relating to drug offenses", which you addressed in a follow up email to the documents provided previously. The email sent from [] is not the official response of the custodian of records.

Relying on this record, the GRC concluded the custodian of records demonstrated a desire to fulfill the request, notwithstanding the expiration of the extension period. We concur with the GRC that this record clearly evidences

the custodian's intent to provide the CDR-1 records separate and apart from the filing of the GRC complaint.

Under these circumstances, we are not persuaded by appellant's claim the GRC erred in concluding he is not entitled to fees as the prevailing party. In our view, the GRC correctly determined the custodian's belated response—filed after the sixty-day extension—was a "deemed" denial under the statute, but that appellant had not shown the records were subsequently provided because he had filed the GRC complaint. N.J. Builders Ass'n v. N.J. Council on Affordable Hous., 390 N.J. Super. 166, 181 (App. Div. 2007) ("A custodian's failure to meet the promised deadline is then deemed a denial.") (citing N.J.S.A. 47:1A–5(i)).

For these reasons, we discern nothing arbitrary, capricious, or unreasonable in the GRC's adoption of factual findings and determinations, in these back-to-back matters, that the filing of the GRC complaints was not the impetus for the release of the requested records in either case. Mason, 196 N.J. at 76. Thus, appellant was not the prevailing party as defined in OPRA, and the decision not to award fees was not arbitrary or capricious.

Finally, to the extent we have not specifically addressed arguments raised by appellant, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-1570-22